**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS PINO, on behalf of himself and all others similarly situated,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>CARDONE CAPITAL, LLC; GRANT CARDONE; CARDONE EQUITY FUND V, LLC; CARDONE EQUITY FUND VI, LLC,<br><br>    Defendants-Appellees. | No. 21-55564<br><br>D.C. No.<br>2:20-cv-08499-JFW-KS<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 17, 2022
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,** District Judge.

Plaintiff Luis Pino appeals the district court's ruling granting the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), filed by Defendants Grant

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

Cardone ("Cardone"), Cardone Capital, LLC ("Cardone Capital"), Cardone Equity Fund V, LLC ("Fund V"), and Cardone Equity Fund VI, LLC ("Fund VI").

Pino filed suit alleging violations of the Securities Act of 1933, based on material misstatements or omissions in connection with real estate investment offerings. Specifically, Pino brought claims under § 12(a)(2) of the Act against all Defendants, and a claim pursuant to § 15 of the Act against Cardone and Cardone Capital. In the First Amended Complaint ("FAC"), Pino alleged that when soliciting investments in Funds V and VI, Defendants made untrue statements of material fact or concealed or failed to disclose material facts in Instagram posts and a YouTube video, and in the Fund V and VI offering circulars, during the period between February 5, 2019, and December 24, 2019, and that none of Defendants' "test the waters" communications—*i.e.*, statements not contained within the offering circulars—contained sufficient cautionary language.

Defendants moved to dismiss the FAC for failure to state a claim under Rule 12(b)(6), which the district court granted. Pino appeals. We have jurisdiction under 28 U.S.C. § 1291.

Pino's challenge to the district court's ruling that Cardone and Cardone Capital are not statutory sellers under the Securities Act is addressed in an opinion filed concurrently with this memorandum disposition. Because the FAC identifies actionable alleged misstatements regarding projected internal rates of return and

distributions and debt obligations, which are not insulated by the bespeaks caution doctrine, we reverse the district court's dismissal of Pino's claims of violations of §§ 12(a)(2) and 15 of the Securities Act as to those alleged misstatements. We remand to the district court to allow Pino to replead consistent with our memorandum disposition and opinion. We affirm the district court's dismissal of Pino's Securities Act claims on the remainder of the alleged misstatements or omissions.

**Standard of Review**

We review de novo a district court's dismissal on the pleadings. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 880 (9th Cir. 2021). Dismissal under Rule 12(b)(6) is warranted when the complaint fails to state sufficient facts to establish a plausible claim to relief. *Id.* When reviewing a dismissal pursuant to Rule 12(b)(6), the Court accepts "as true all facts alleged in the complaint" and construes them "in the light most favorable to plaintiff." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (internal quotations omitted).

**Discussion**

Because the parties are familiar with the facts of the case, we do not recite them in detail here. Section 12(a)(2) of the Securities Act of 1933 ("Securities Act") imposes liability on "any person who . . . offers or sells a security . . . by means of a prospectus or oral communication, which includes an untrue statement

of a material fact or omits to state a material fact . . . to the person purchasing such security from him." 15 U.S.C. § 77l(a)(2). To state a claim under Section 12(a)(2), a plaintiff must allege that (1) the defendant is a statutory seller; (2) the sale was effected by means of a prospectus or oral communication; and (3) the communication contains an "'untrue statement of a material fact or omits to state a material fact necessary in order to make the statements . . . not misleading.'" *In re Daou Sys., Inc.*, 411 F.3d 1006, 1028–29 (9th Cir. 2005) (quoting 15 U.S.C. § 77l(a)(2)).

The parties briefed the case with respect to our decision in *In re Apple Computer Securities Litigation*, 886 F.2d 1109, 1113 (9th Cir. 1989), which provides that a projection or statement of belief may be actionable under the federal securities laws if (1) the speaker does not actually believe the statement, (2) there is no reasonable basis for the statement, or (3) the speaker is aware of undisclosed facts tending seriously to undermine the statement's accuracy. More recently, in *City of Dearborn Heights Act 345 Police & Fire Retirement System v. Align Technology, Inc.*, 856 F.3d 605, 616 (9th Cir. 2017), this Court held that claims premised on statements of opinion must satisfy the pleading standard articulated by the Supreme Court in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015). In *Omnicare*, the Supreme Court made clear that a statement of opinion cannot constitute an "untrue statement of fact" under the

securities laws unless the speaker does not actually believe the statement. 575 U.S. at 184. The Supreme Court further stated: "an investor cannot state a claim by alleging only that an opinion was wrong; the complaint must as well call into question the issuer's basis for offering the opinion." *Id.* at 194. Accordingly, we held in *Dearborn* that to plead that a statement of opinion is false by omission, the plaintiff cannot simply allege there was "no reasonable basis" for the statement, but instead must allege "'facts going to the basis for the issuer's opinion . . . whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.'" 856 F.3d at 616 (quoting *Omnicare*, 575 U.S. at 194).

The district court erred in holding that the FAC did not state an actionable claim based on alleged misstatements relating to internal rate of return ("IRR")[1] and

---

[1] Specifically, the FAC identifies the following actionable alleged misstatements relating to IRR projections: an April 22, 2019, YouTube Video in which Cardone states: "[I]t doesn't matter whether [the investor] [is] accredited [or] non-accredited . . . you're gonna walk away with a 15% annualized return. If I'm in that deal for 10 years, you're gonna earn 150%. . . ." (FAC ¶¶ 1, 56); a May 5, 2019, Instagram post in which Cardone Capital's account refers to: "15% Targeted IRR," "monthly distributions," and "long term appreciation" (*id.* ¶ 57); a September 4, 2019, Instagram post in which Cardone Capital's account references "10X Living at Breakfast Point" in "Fund 4 & 5," and refers to "Target IRR 15%" (*id.* ¶ 61); and an October 16, 2019, Instagram post in which Cardone Capital's account refers to 10X Living at Panama Beach City, a property "in both Fund VI and Fund VIII," and recites a "Targeted Investor IRR" of "17.88%" and a "Targeted Equity Multiple" of "2.5–3X" (*id.* ¶ 59).

distributions,[2] which are not protected by the bespeaks caution doctrine. The FAC includes allegations that Cardone told investors they would realize a 15% IRR, while omitting that the SEC had previously requested that Defendants remove from the proposed Fund V offering circular references to their "strategy to pay a monthly distribution to investors that will result in a return of approximately 15% annualized return on investment," because the Fund had commenced only limited operations, had not paid any distributions to date, and did not appear to have a basis for such a projected return. FAC ¶ 55.

The statements recited in the FAC relating to IRR and distributions are actionable. Pino plausibly alleges that by omitting mention of the SEC's communication to Cardone Capital that there was no basis to represent that investors

---

[2] Specifically, the FAC identifies the following actionable alleged misstatements relating to distributions: a February 5, 2019, Instagram post in which Cardone asks potential investors on his personal Instagram account, "Want to double your money[?]" and states that an investor could receive $480,000 in cash flow after investing $1,000,000, achieve "north of 15% returns after fees, and obtain a "118% return amounting to 19.6% per year" (FAC ¶ 67); a September 18, 2019, Instagram post on Cardone Capital's account which asks, "What does it take to receive $50,000 in yearly dividend income?" and responds "Invest $1,000,000 with Cardone Capital" (*id.* ¶ 70); a December 24, 2019, Instagram Post that posits, "Unlike Santa, I pay similar distributions every single month" (*id.* ¶ 76); a January 31 (no year) Instagram post stating, "Last year I sent out $20M in distributions. More importantly investors have their capital sitting next to mine, protected, waiting for appreciation. We [target] to sell properties when I can return to investors at least 2X-3X their investment" (*id.* ¶ 9); and a September 17, 2019, Instagram video in which Cardone advertised that investing $220,000 would allow investors to earn 'about $12,000-$15,000 a year' in distributions" (*id.* ¶¶ 12–14).

would receive monthly distributions resulting in a 15% annualized return on their investments, the alleged misstatements relating to IRR and distributions were misleading to a reasonable person reading the statements fairly and in context. *See Omnicare*, 575 U.S. at 188–89 ("[I]f the issuer made the statement . . . with knowledge that the Federal Government was taking the opposite view, the investor again has cause to complain: He expects not just that the issuer believes the opinion . . . but that it fairly aligns with the information in the issuer's possession at the time."). Such facts likewise "call into question [Cardone's] basis for offering" his projections of a 15% IRR and promises of large monthly distributions or that investors would double or triple their investments. *City of Dearborn Heights*, 856 F.3d at 616 (quoting *Omnicare*, 575 U.S. at 194).

The district court failed to interpret the FAC's allegations regarding debt obligations in the light most favorable to Pino, by disregarding defendants' statements about "who is responsible for the debt? The answer is, Grant!" and statements that the properties acquired by the Funds were assets, rather than liabilities. The FAC plausibly alleged that these statements were "untrue statements of fact," 15 U.S.C. § 77l(a)(2), because they suggest investors are not responsible for the "significant monthly debt service payments." FAC ¶ 82.[3]

---

[3] Judge Bress does not join this paragraph and would find the debt obligation statements not actionable.

In addition, the district court erred in holding that the bespeaks caution doctrine warranted dismissal of all alleged misstatements. The bespeaks caution doctrine allows a court to rule, as a matter of law, that a defendant's "forward-looking representations contained enough cautionary language or risk disclosure to protect the defendant against claims of securities fraud." *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1413 (9th Cir. 1994). A dismissal on the pleadings based on the bespeaks caution doctrine is justified only by a "stringent" showing that "'reasonable minds could not disagree that the challenged statements were not misleading.'" *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 947 (9th Cir. 2005) (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1409 (9th Cir. 1996)). Whether a statement in a public document with cautionary language is misleading may only be determined as a matter of law when reasonable minds could not disagree that the "mix" of information in the document is not misleading. *Id*.

This Court has not directly addressed whether the bespeaks caution doctrine requires cautionary language to appear in the same communication as the statement it insulates. However, even if we assume, without deciding, that cautionary language need not necessarily appear in the same document as the alleged misstatement, the warnings in the offering circulars do not insulate misstatements made in Instagram posts and YouTube videos under the bespeaks caution doctrine. "[T]he bespeaks

8

caution doctrine applies only to precise cautionary language which directly addresses itself to future projections, estimates or forecasts in a prospectus." *Worlds of Wonder*, 35 F.3d at 1414. Here, the offering circulars contain only generalized cautionary language that is too broad to immunize the otherwise actionable alleged misstatements about IRR and distributions, rendering the bespeaks caution doctrine inapplicable. In addition, the offering circulars for Funds V and VI were finalized and publicly filed in December 2018 and September 2019, respectively, while the alleged misstatements in the Instagram posts and YouTube video were primarily made later, from February through December 2019, and thus many of the misstatements are too attenuated from the release of the offering circulars to be insulated by the warnings contained therein.

In contrast, the district court did not err in holding that misrepresentations or omissions made in the Fund V and VI offering circulars themselves are not actionable.[4] Pino did not sufficiently allege that the descriptions in the offering

---

[4] Specifically, the following alleged omissions and misstatements in the offering circulars are not actionable: (1) that the offering circulars represented the Funds' strategy was to acquire multi-family apartment communities at "below-market prices," when in fact Cardone and Cardone Capital purchased the "Delray" property at a high price to maximize their fee (FAC ¶¶ 86–87); (2) that the offering circulars represented that necessary financing would be secured before properties were obtained, when in fact Cardone purchased the properties from third parties before selling them to the Funds without informing investors (FAC ¶¶ 88–93); and (3) the Funds did not disclose that Cardone charged investors interest on money loaned to the Fund to acquire properties (FAC ¶¶ 96–100).

circulars of Defendants' strategy to purchase properties below market value was misleading. Instead, Pino only alleges that the Funds overpaid in the purchase of a single property, the Delray property, which does not bear on Defendants' intended strategy to purchase property at below-market prices.

In addition, any alleged omission regarding Cardone receiving an acquisition fee from sale of the Delray property in the Fund V offering is not actionable. The Fund V offering circular expressly disclosed the potential for conflicts of interest and related-party transactions between the Fund, Cardone Capital, and its affiliates, and that Defendants had sole discretion to decide what properties to purchase, so the allegation that Defendants engaged in undisclosed self-dealing is not actionable. For the same reason, the district court correctly dismissed Pino's claims that the Funds did not disclose that Cardone Capital was extending commercially unnecessary, interest-bearing loans to the Funds; the offering circulars warn that Cardone and Cardone Capital may obtain lines of credit and long-term financing that may be secured by Fund assets, and have broad authority to incur debt and high debt levels.

For the foregoing reasons, we reverse the district court's dismissal of Pino's §§ 12(a)(2) and 15 claims as to Defendants' alleged statements regarding a 15% IRR and distributions, as well as the Funds' debt obligations. Because Pino did not plead these claims under the standard in *Omnicare*, the district court shall grant Pino leave to amend the FAC to replead these claims consistent with this memorandum

disposition and opinion. We affirm the district court on Pino's Securities Act claims on the remainder of the alleged misstatements.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[5]

---

[5] The parties shall bear their own costs on appeal.