JOSEPH N. AKROTIRIANAKIS (SBN 197971)
 jakro@kslaw.com
PAUL R. BESSETTE (SBN 139675)
 pbessette@kslaw.com
LISA BUGNI (SBN 323962)
 lbugni@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHRISTINE PINO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC,<br><br>Defendants. | Case No. 2:20-cv-08499-JFW (KSx)<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>*[Filed Concurrently with Declaration of Lisa Bugni; and [Proposed] Order]*<br><br>Date:         September 11, 2023<br>Time:        1:30 p.m.<br><br>Complaint Filed: June 26, 2023<br>Trial Date: None Set |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on September 11, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7A of the above-entitled court, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants will, and hereby do, move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act, for an order dismissing the Second Amended Complaint for Violation of the Federal Securities Laws (ECF 127) filed in this action.

The motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Lisa Bugni[1] submitted herewith, the pleadings, papers and records on file in this case, all matters of which this Court may take judicial notice, and such other documents and oral argument as may be presented at any hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on July 7, 2023.

Dated: July 17, 2023.                    Respectfully Submitted,

KING & SPALDING LLP
/s/ Lisa R. Bugni
LISA R. BUGNI

*Counsel for Defendants*
CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC

---

[1] The citations to the Bugni Declaration in the Motion to Dismiss are to the added consecutive page numbers, not to the existing internal pagination of each exhibit.

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. BACKGROUND FACTS ................................................................................. 3

III. LEGAL STANDARD ....................................................................................... 5

IV. ARGUMENT .................................................................................................... 5

    A. The Section 12(a)(2) Claim Should Be Dismissed. ............................... 5

        1. The SAC Fails To Satisfy *Omnicare* As To The Alleged IRR And Distribution Projections. ...................................................... 6

            a. The SAC Fails To Allege Subjective Falsity. .................. 7

            b. The SAC Fails To Allege A Misleading Omission. ........ 10

        2. The SAC Fails To Allege Materiality Of The Debt Obligation Statement ............................................................................... 12

    B. The Section 15 Claim Should Be Dismissed. ...................................... 13

V. CONCLUSION ............................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................... 5

*Basic Inc. v. Levinson*,
  485 U.S. 224 (1988) ......................................................................................... 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 5

*Belodoff v. Netlist, Inc.*,
  2009 WL 1293690 (C.D. Cal. Apr. 17, 2009) .................................................. 11

*City of Dearborn Heights v. Align Tech.*,
  856 F.3d 605 (9th Cir. 2017) ............................................................................. 7

*Hunt v. Bloom Energy Corp.*,
  2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) ................................................... 6

*Fadia v. FireEye, Inc.*,
  2016 WL 6679806 (N.D. Cal. Nov. 14, 2016) ................................................. 10

*In re Finjan Holdings, Inc.*,
  58 F.4th 1048 (9th Cir. 2023) .................................................................... 1, 6, 7

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................................. 9

*In re LifeLock, Inc. Sec. Litig.*,
  690 F. App'x 947 (9th Cir. 2017) ...................................................................... 6

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ............................................................................. 9

*Martin v. Quartermain*,
  732 F. App'x 37 (2d Cir. 2018) ......................................................................... 6

*Masters v. GlaxoSmithKline*,
  271 F. App'x 46 (2d Cir. 2008) ....................................................................... 13

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) .................................................................................5

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
    575 U.S. 175 (2015) ...................................................................................*passim*

*Parnes v. Gateway 2000, Inc.*,
    122 F.3d 539 (8th Cir. 1997) ...............................................................................13

*Pino v. Cardone Capital, LLC*,
    2023 WL 2158802 (9th Cir. Feb. 22, 2023) ..........................................1, 5, 6, 12

*Pino v. Cardone Capital, LLC*,
    2021 WL 3502493 (C.D. Cal. Apr. 27, 2021) .......................................................4

*Primo v. Pacific Biosciences of California, Inc.*,
    940 F. Supp. 2d 1105 (N.D. Cal. 2013) .........................................................13, 14

*Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*,
    845 F.3d 1268 (9th Cir. 2017) .............................................................................12

*St. Lucie Cty. v. Motorola, Inc.*,
    2011 WL 814932 (N.D. Ill. Feb. 28, 2011) .........................................................10

*In re Supercom Inc. Sec. Litig.*,
    2018 WL 4926442 (S.D.N.Y. Oct. 10, 2018) ........................................................6

*Wochos v. Tesla, Inc.*,
    985 F.3d 1180 (9th Cir. 2021) ...............................................................................8

**Statutes**

15 U.S.C. § 77l(a)(2) (Section 12(a)(2) of Securities Act of 1933) ....................5, 14

15 U.S.C. § 77o (Section 15 of Securities Act of 1933) .................................3, 5, 13

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................................5

Restatement (Second) of Torts § 539 (1976) ............................................................11

## I. INTRODUCTION

In this now third bite at the apple, Plaintiff attempts once again to allege violations of the Securities Act of 1933 (the "Securities Act") against Defendants Cardone Capital LLC ("Cardone Capital"), Grant Cardone, Cardone Equity Fund V, LLC ("Fund V"), and Cardone Equity Fund VI, LLC ("Fund VI") (collectively "Defendants"). Plaintiff voluntarily dismissed the initial Complaint after Defendants filed a motion to dismiss, and the Court properly dismissed the First Amended Complaint ("FAC") on Defendants' second motion to dismiss. *See* ECF 94. This Court's dismissal of the FAC was primarily upheld by the Ninth Circuit, with the court remanding as to only two categories of misstatements to provide Plaintiff an opportunity to try to plead falsity under the standard the Supreme Court set in *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 186–87 (2015). *See Pino v. Cardone Capital, LLC*, 2023 WL 2158802, at *4 (9th Cir. Feb. 22, 2023).

Plaintiff has not met the high pleading burden from *Omnicare*, nor could she. A statement of opinion under *Omnicare* is actionable only when the speaker does not believe the opinion, the opinion is objectively untrue, or the opinion is rendered misleading by the failure to disclose a material fact that goes to the basis for the opinion. *Omnicare*, 575 U.S. at 186, 195; *see also In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1056 (9th Cir. 2023). Plaintiff can allege no set of facts to meet that standard because Fund V and Fund VI (the "Funds") are performing exactly as projected.

The Second Amended Complaint (the "SAC") contends that a projected annualized internal rate of return ("IRR") of 15% is actionable under *Omnicare*, **but that is impossible because Fund V currently has an IRR of 18.26% and Fund VI has an IRR of 24.16%**. *See* Declaration of Lisa Bugni ("Bugni Decl."), Ex. 1 (Fund V Form 1-K) at 28; Ex. 2 (Fund VI Form 1-K) at 60.

The SAC contends that an annualized distribution projection ranging from 5% to 8% is actionable under *Omnicare*, but that is also impossible because Fund V and Fund VI are both currently issuing distributions with an **annualized rate of 5%**. *See* Bugni

Decl., Ex. 3 (Pino Investor Summary) at 65.

The SAC contends that a projection of the real estate tripling in value (*i.e.*, 3x) as part of the 15% IRR projection is misleading (¶ 14), but the fair market value of the real estate in both Funds is already at **2.6x** its cost a mere three and a half years into what Plaintiff knows to be a ten-year investment horizon. *See* Bugni Decl., Ex. 1 (Fund V Form 1-K) at 9; Ex. 2 (Fund VI Form 1-K) at 39; SAC ¶ 1.

One cannot allege that a speaker did not believe a projection or that the projection had no reasonable basis when, in fact, the projection has been accurate to date. Plaintiff's only theory to try to satisfy *Omnicare* is that a comment letter the Securities and Exchange Commission ("SEC") publicly issued and filed in Fund V's online posting on July 31, 2018—over a year before Pino invested—somehow means Defendants had no basis to issue the projections and the projections were misleading. But because the SEC Comment Letter was publicly filed in Fund V's EDGAR database, Pino and all other investors had access to it. And all the SEC noted was that Fund V at the time had commenced limited operations and had not made any distributions, and, thus, Fund V did not appear to have a basis for the projection. Bugni Decl., Ex. 4 (SEC Comment Letter) at 67-68. The fact that one of Mr. Cardone's many funds had just commenced does not mean that he had no basis to project IRR and distributions. To the contrary, Mr. Cardone has been in the business for the over thirty years and his projections have so far turned out to be correct. The IRR and distribution statements should be dismissed from the SAC.

In addition to the challenged statements concerning IRR and distributions, Plaintiff also alleges that it was misleading for an Instagram post to state that Mr. Cardone would be responsible for the debt service payments. But this ignores the plain language of the full Instagram post, which makes clear that it is not specific to the Funds when it stated that "this will be determined by the particular deal," and that in "the last 3-4 deals that have closed, Grant has put a significant portion of his own money in the fund." SAC ¶ 86. Once considered in context, as the statement must be under the law,

the Instagram post is rendered immaterial as a matter of law. The debt obligation statement should be dismissed from the SAC.

Finally, because Plaintiff has failed to establish any primary violation of the Securities Act, her control person claim under Section 15 also fails. For all of these reasons and those discussed in detail below, the SAC should be dismissed with prejudice.

## II. BACKGROUND FACTS

The facts of this case are well known to this Court.

Plaintiff is an investor in [Fund V] and [Fund VI], which were organized to "acquire various real estate assets throughout the United States." Plaintiff alleges that he invested $5,000 in Fund V and $5,000 in Fund VI (collectively, the "Funds") in reliance on misleading statements made by Defendants. . . .

The Funds are managed by [Cardone Capital]. Grant Cardone ("Cardone") founded Cardone Capital in 2017 and he is its sole manager and Chief Executive Officer. Cardone also founded Cardone Real Estate Acquisitions, LLC ("Cardone Acquisitions"), now Cardone Capital's acquisition arm, in 1995. Cardone has thirty years of experience investing in income-producing, multi-family real estate properties. Over the years, Cardone has purchased over forty properties across eight states – California, North Carolina, Georgia, Florida, Alabama, Arizona, Tennessee, and Texas – with a total purchase price of over $650,000,000. At the time the Funds were created, Cardone was managing a multi-family real estate portfolio consisting of over 4,500 units in twenty communities, valued in excess of $700 million. Several of these properties were acquired with the proceeds of three private offerings of securities made exclusively to accredited investors.

Cardone Capital is a typical real estate syndicator and its business

> activities include identifying locations or potential properties, determining if properties are suitable for purchase, creating a marketing plan to attract investors, raising money from investors to acquire the properties, preparing the documents to be used in raising money from investors, negotiating the purchase and financing of the properties, managing the properties, making distributions to investors, and selling or refinancing the properties and distributing the profits to investors. Cardone Capital offers real estate investment opportunities to what it refers to as "the everyday investor" through the Funds. In order to offer these investment opportunities to everyday investors, the Funds were offered to both accredited and non-accredited investors. Investments in both Funds were made through offerings pursuant to Regulation A of the Securities Act. In addition, both Funds were categorized as emerging growth companies under the 2015 U.S. JOBS Act, a law that reduced reporting and accounting requirements for emerging companies and enabled the sale of securities using crowdfunding techniques. In fact, both Funds used social media crowdfunding to raise capital, and Fund V claims to have set a record because it was the first fund to raise $50,000,000 via Regulation A using social media crowdfunding. Fund V began receiving subscriptions on December 12, 2018, and completed raising $50,000,000 from over 2,200 individual investors on September 20, 2019. Fund VI began receiving subscriptions on October 16, 2019, and completed raising $50,000,000 on June 25, 2020.

*Pino v. Cardone Capital, LLC*, 2021 WL 3502493, *2 (C.D. Cal. Apr. 27, 2021).

On February 19, 2021, Plaintiff filed the FAC. On April 27, 2021, this Court granted Defendants' Motion to Dismiss the FAC. *Id.* Plaintiff then appealed to the Ninth Circuit. In a simultaneously released Opinion and Memorandum of Disposition, the

1  Ninth Circuit panel upheld in part and reversed in part this Court's decision and
2  remanded to this Court with the specific guidance that Plaintiff replead its allegations
3  related to projected IRR, cash distributions, and debt repayment obligations under the
4  Supreme Court's *Omnicare* standard. *See Pino*, 2023 WL 2158802, at *4. Defendants
5  have filed a petition for certiorari review with the Supreme Court, and the Supreme
6  Court has ordered Plaintiff to respond to the petition. The current briefing schedule on
7  the petition has Plaintiff filing her response on August 22, 2023, and Defendants filing
8  their reply on September 5, 2023.

Plaintiff filed the SAC on June 26, 2023, asserting a claim against Cardone Capital, Mr. Cardone, and the Funds under Section 12(a)(2) of the Securities Act (Count I) and a control person claim against Mr. Cardone and Cardone Capital under Section 15 of the Securities Act (Count II). *See* SAC ¶ 2. As explained below, both Counts should be dismissed with prejudice.

### III. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the court must accept all well-pleaded facts as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### IV. ARGUMENT

#### A. The Section 12(a)(2) Claim Should Be Dismissed.

To plead a claim under Section 12(a)(2) of the Securities Act, a plaintiff must allege that the defendant is (i) a statutory seller; (ii) that the sale was effected by means

of a prospectus or oral communication; and (iii) "that the communication contains an untrue statement of material fact or omits to state a material fact necessary in order to make the statements not misleading." *Pino*, 2023 WL 2158802, *2. As the Ninth Circuit held, "[o]n remand, Defendants may raise arguments to the district court regarding application of the *Omnicare* standard, but Defendants may not relitigate any of the issues resolved by this memorandum disposition." *Id*. at *4.

Defendants seek to dismiss the SAC because (1) the opinion statements regarding expected IRR and distributions fail to meet the *Omnicare* standard and (2) the debt obligation statement fails to allege materiality, an issue not addressed in the Ninth Circuit's memorandum disposition.

### 1. The SAC Fails To Satisfy *Omnicare* As To The Alleged IRR And Distribution Projections.

Because Section 12(a)(2) regulates statements of "material fact," a statement of opinion will be actionable only in "special circumstances." *Finjan Holdings*, 58 F.4th at 1055. "The Supreme Court has identified three such special circumstances: subjective falsity, embedded statements of fact, and misleading omissions." *Id*. (citing *Omnicare*, 575 U.S. at 184-189). Plaintiff does not allege that the IRR and distribution projections contained embedded statements of fact. *See generally* SAC. Rather, Plaintiff attempts to meet the *Omnicare* standard by alleging that the statements of projected IRR and distributions were subjectively false and misleading by omission. SAC ¶¶ 66-69, 78-80.

The SAC should be dismissed because its allegations fall well short of alleging either subjective falsity or misleading omissions under *Omnicare*. The Supreme Court itself recognized the pleading burden "as no small task" (*Omnicare*, 575 U.S. at 194), and courts routinely dismiss cases for failure to satisfy its standard. *E.g.*, *In re LifeLock, Inc. Sec. Litig.*, 690 F. App'x 947, 951 (9th Cir. 2017) (affirming dismissal); *Martin v. Quartermain*, 732 F. App'x 37, 42 (2d Cir. 2018) (same); *see also In re Supercom Inc. Sec. Litig.*, 2018 WL 4926442, at *23 (S.D.N.Y. Oct. 10, 2018) (dismissing suit under *Omnicare*); *Hunt v. Bloom Energy Corp.*, 2021 WL 4461171, at *5 (N.D. Cal. Sept. 29,

2021) (same).

### a. The SAC Fails To Allege Subjective Falsity.

"[W]here a plaintiff relies on a theory of subjective falsity, the plaintiff must allege 'both that "the speaker did not hold the belief she professed" and that the belief is objectively untrue.'" *Finjan Holdings*, 58 F.4th at 1056 (quoting *City of Dearborn Heights v. Align Tech.*, 856 F.3d 605, 615-16 (9th Cir. 2017) and *Omnicare*, 575 U.S. at 186).

As a threshold matter, Plaintiff cannot plead the first requisite prong that the speaker did not hold the belief professed because "Plaintiff, while reserving all of his [sic] rights, expressly disclaims and disavows at this time any allegation in the complaint that could be construed as alleging fraud." SAC ¶ 103. As the Supreme Court explained in *Omnicare*:

> And the Funds do not contest that Omnicare's opinion was honestly held. Recall that their complaint explicitly "excludes and disclaims" any allegation sounding in fraud or deception.

*Omnicare*, 575 U.S. at 186. The same is true here. Plaintiff disclaims allegations of fraud and, thus, cannot allege that Defendants did not honestly believe in the stated projections.

Even if the Court were to look past that inherent and irreconcilable inconsistency in the allegations, the SAC still fails to allege a claim. Plaintiff attempts to allege both that Defendants did not believe the projections and that the projections were objectively untrue based on a reference to an SEC comment letter. *See* SAC ¶¶ 66-67, 78-79. The SEC comment letter was publicly filed and available to investors on July 31, 2018, more than a year before Pino invested. *See* Bugni Decl., Ex. 4 (SEC Comment Letter) at 67-68; *see also* https://www.sec.gov/edgar/browse/?CIK=1741665. Notably, the SEC Comment Letter does not indicate that any independent investigation was conducted, or that the SEC had concluded anything whatsoever regarding the reasonableness of Defendants' projections. Instead, the SEC's public comment as to Fund V was as follows:

> We note your disclosure on page 17 and throughout the offering statement that references your strategy to pay a monthly distribution to investors that will result in a return of approximately 15% annualized return on investment. We further note you have commenced only limited operations, have not paid any distributions to date and do not appear to have a basis for such returns.

See Bugni Decl., Ex. 4 (SEC Comment Letter) at 67-68.

The SEC's comment as to Fund V was necessarily true, given that Fund V was newly created. But nowhere does the SEC state that it has made a 'finding' on whether or not Defendants' projections were reasonable. *See* SEC Comment Letter at 2. The SEC did not consider, for example, whether past performance of Funds I-IV created a reasonable basis for Defendants' projections of Fund V or on what grounds Defendants were projecting an annualized IRR of 15%. Thus, the true scope of the SEC's comment was limited to the information available for Fund V at the time of its creation—it was on this basis that the SEC requested removal of certain projections from the offering materials. That is not an indication in any way, shape, or form that Defendants did not believe the IRR and distribution projections or that the projections were objectively untrue. *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1194 (9th Cir. 2021) (holding the fact that employees and suppliers opined that Tesla's production estimates could not be met was not sufficient under *Omnicare* to establish that Tesla did not reasonably believe that it was possible to meet those estimates).

Indeed, although the SAC repeatedly references the returns paid to date by Funds V and VI (SAC ¶¶ 74, 77), Plaintiff fails to inform the Court that the ***audited*** IRR for Fund V as of December 31, 2022, was actually ***18.26%***, and the ***audited*** IRR for Fund VI as of December 31, 2022, was actually ***24.16%***. *See* Bugni Decl., Ex. 1 (Form 1-K for Fund V) at 28; Ex. 2 (Form 1-K for Fund VI) at 60. Both exceed the 15% IRR projection.

Further, as the 1-Ks indicate, the fair market value of the properties that Fund V

and VI invested in are both **2.6x** the cost for those properties. Bugni Decl., Ex. 1 (Fund V Form 1-K) at 9 (fair market value of $102,394,303/cost basis of $39,050,210 = 2.6); Bugni Decl., Ex. 2 (Fund VI Form 1-K) at 39 (fair market value of $61,490,336/cost basis of $23,282,113 = 2.6). And that is after only three years of holding the properties in contrast to a 3x projection premised on a 10-year holding period. *See* SAC ¶ 1.

And, to date, Plaintiff has received $1,618.14 on her $10,000 investment, or 16.2% in distributions, and the value per unit purchased for Fund V has increased from $1,000 to $1,636.50, and for Fund VI, from $1,000 to $1,687.42. *See* Bugni Decl., Ex. 3 (Pino Investor Summary) at 65. The distributions paid for the last five months for Fund V and the last four months for Fund VI are annualizing at 5%. *Id.*

All of the returns and payments to date are exactly as projected, rendering it impossible to allege the projections were subjectively or objectively unreasonable. The Court may properly consider the current performance of the Funds under incorporation by reference. The SAC refers multiple times to the "return paid by Funds V and VI to date." *See, e.g.*, SAC ¶¶ 74, 77.  It is well settled that, on a motion to dismiss, "a court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Although the SAC does not explicitly refer to the 1-K filings by name, these documents are the best source of the Funds' "return paid… to date." *See, e.g.*, SAC ¶¶ 74, 77. The Ninth Circuit has recognized that documents may be incorporated by reference even when they are not explicitly referenced "because the claim necessarily depended on them." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  Here, Plaintiff's claim necessarily depends on the current performance of the Funds because she is purporting to allege that the performance to date renders the projections objectively false. But the Funds' performance to date shows exactly the opposite. Because the IRR and distribution projections Plaintiff alleges are

unreasonable based on returns paid to date, are actually objectively true, Plaintiff can never satisfy *Omnicare*, and the allegations concerning IRR and cash distributions should be dismissed. See *Fadia v. FireEye, Inc.*, 2016 WL 6679806, at *11 (N.D. Cal. Nov. 14, 2016) (holding plaintiff failed to plead falsity of projections when, in fact, the company met the projection); *St. Lucie Cty. v. Motorola, Inc.*, 2011 WL 814932, at *6 (N.D. Ill. Feb. 28, 2011) (holding that predictions that turn out to be accurate are not actionable).

### b. The SAC Fails To Allege A Misleading Omission.

To plead an opinion is misleading by omission under *Omnicare* "is no small task." *Omnicare*, 575 U.S. at 194. Specifically, as the Supreme Court explained:

> The investor must identify particular (and material) facts going to the basis for the issuer's opinion—facts about the inquiry the issuer did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.

*Id*.

Plaintiff attempts to meet this standard by alleging that Defendants failed to inform investors of the SEC Comment Letter. *See* SAC, ¶¶ 69, 80. This allegation fails to meet *Omnicare* for at least two reasons.

***First***, the SEC Comment Letter was first made public on July 31, 2018, on the SEC's EDGAR database. *See* https://www.sec.gov/edgar/browse/?CIK=1741665. This was more than a year before Plaintiff first invested in Fund V on September 23, 2019, and, thus, was information Pino had available to him.

As the Supreme Court explained in *Omnicare*, the principles underlying its opinion were not unique to the Securities Laws as the Restatement of Torts recognizes as follows:

> "A statement of opinion as to facts not disclosed ***and not otherwise known to the recipient*** may" in some circumstances reasonably "be

        interpreted by him as an implied statement" that the speaker "knows facts sufficient to justify him in forming" the opinion, or that he at least knows no facts "incompatible with the opinion."

Omnicare, 575 U.S. at 191 (quoting Restatement (Second) of Torts § 539, p. 85 (1976)) (emphasis added). Here, the SEC Comment Letter was "otherwise known" to everyone because it was publicly available on the SEC's website for filings related to Fund V and it was posted on July 31, 2018, well before any of the alleged statements by Defendants regarding IRR and distribution projections were made. *See* https://www.sec.gov/edgar/browse/?CIK=1741665.

        Accordingly, Pino knew or should have known the facts contained in the SEC Comment Letter at the time of investment and cannot now claim that Defendants are liable for omitting to disclose this fact. *See Belodoff v. Netlist, Inc.*, 2009 WL 1293690, at *8 (C.D. Cal. Apr. 17, 2009) (holding that defendant was not liable for information allegedly omitted because it was actually disclosed and defendant "was under no particular obligation to characterize the facts in a particular manner.").

        ***Second***, the SEC Comment Letter does not identify "particular (and material) facts going to the basis for the" IRR and distribution projections for the Funds. *Omnicare*, 575 U.S. at 194. The SEC's July 31, 2018 request to remove the projection from the Fund V offering statement was simply that Fund V had limited operations and had not paid any distributions to date. The fact that Fund V had not paid any distributions does not mean that Mr. Cardone had no basis to opine that the Funds would have an IRR of 15% or annualized distributions of 5% in the future. Mr. Cardone, as the Court has previously acknowledged, has over thirty years of experience investing in income-producing, multi-family real estate properties. The fact that his newest fund was not in operation yet does not negate his ability to forecast for the Funds. Indeed, the Funds performance to date is actually better than projected with an IRR of 18.26% for Fund V and 24.16% for Fund VI. Plaintiff has not, and cannot, allege that the SEC's notation regarding Fund V's limited operations impacts the basis for the IRR and

distribution projections.

The alleged IRR and distribution statements should be dismissed from the SAC because Plaintiff has not met any prong of the *Omnicare* standard.

### 2. The SAC Fails To Allege Materiality Of The Debt Obligation Statement.

Plaintiff also purports to allege that Defendants materially misrepresented who would be responsible for the debt service payments—Mr. Cardone or the Fund investors. *See* SAC ¶¶ 86, 87. Plaintiff alleges that in one Instagram post, Cardone Capital wrote: "One question you might want to ask is, who is responsible for the debt? The answer is Grant!" *Id.* at ¶ 86. The Ninth Circuit held that, interpreted in the light most favorable to Plaintiff, this statement by Defendants was actionable. *Pino*, 2023 WL 2158802, at *3. As noted, however, the Ninth Circuit cautioned that Defendants may not relitigate issues the Ninth Circuit already resolved. *Id.* at *4. Importantly, the Ninth Circuit did not address, discuss, or resolve whether Plaintiff had adequately alleged that the debt obligation statement was material. *See generally id*.

The SAC fails to plead that the debt obligation statement is material for at least the following two reasons.

*First*, materiality under the Securities Laws requires consideration of the "total mix of information" available to investors. *See Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1277 (9th Cir. 2017) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 231–32 (1988). Plaintiff's claim is based entirely on a single Instagram post in which the following text appears: "One question you might want to ask is, who is responsible for the debt? The answer is Grant!" *See* SAC ¶ 86. The context of the post, however, highlights the immateriality of the language on which Plaintiff focuses. The post is largely an image with the overarching question "How much does Grant invest into the fund?" *Id*. The post clarifies that "[t]his will be determined by the particular deal, however the last 3-4 deals that have closed, Grant put a significant portion of his own money into the fund." *Id*.

1     The context of this post negates any inference that it was materially misleading. *Primo v. Pacific Biosciences of California, Inc.*, 940 F. Supp. 2d 1105, 1116 (N.D. Cal. 2013) (finding alleged omission immaterial in light of other disclosures). The post makes it clear that it was ***not*** speaking directly about Funds V or VI, but rather the past "3-4 deals that have closed." *Id*. Accordingly, this post made no representations whatsoever about the debt obligations for Funds V and VI, the only Funds in which Pino invested. The post's context also demonstrates that the statement Grant is responsible for the debt does not mean that he is responsible independently from the Funds, but rather he is jointly responsible by virtue of his investment in the Funds. Thus, this post was never meant to imply to investors that Grant was solely responsible for the debt—such an assumption defies the basics of real estate investing.

    ***Second***, as the Form 1-Ks for Funds V and VI demonstrate, the operating expense ratio is at **0.53%** and **0.54%**, respectively. *See* Bugni Decl., Ex. 1 (Fund V Form 1-K) at 28; Ex. 2 (Form VI Form 1-K) at 60. These operating expenses overall are immaterial as a matter of law. *Masters v. GlaxoSmithKline*, 271 F. App'x 46, 50-51 (2d Cir. 2008) (affirming dismissal on materiality grounds where produces were less than 3% of revenues); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 547 (8th Cir. 1997) (finding alleged 2% overstatement of assets immaterial in light of company's financial prospects). Moreover, according to the Form 1-Ks, the debt payments for the investment properties owned by the Funds are currently being covered (and are expected to be covered in the future) by the operating revenue from the properties themselves. *See* Bugni Decl., Ex. 1 (Fund V Form 1-K) at 10; Ex. 2 (Fund VI Form 1-K) at 39.

    The debt obligation statement in the Instagram post should be dismissed from the SAC.

    **B.    The Section 15 Claim Should Be Dismissed.**

    Control persons are only liable under Section 15 of the Securities Act if plaintiffs can establish a predicate securities violation by the controlled entity. *See* 15 U.S.C. § 77o. For all of the foregoing reasons, Plaintiff has failed to allege adequately any

primary violation of Section 12(a)(2). Accordingly, Plaintiff has failed to state a control person claim against Cardone Capital or Mr. Cardone. *Primo*, 940 F. Supp. 2d at 1131.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint should be granted.

Dated: July 17, 2023                KING & SPALDING LLP

/s/ Lisa R. Bugni
JOSEPH N. AKROTIRIANAKIS (SBN 197971)
jakro@kslaw.com
PAUL R. BESSETTE (SBN 139675)
pbessette@kslaw.com
LISA BUGNI (SBN 323962)
lbugni@kslaw.com

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,517 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 17, 2023                KING & SPALDING LLP

/s/ Lisa R Bugni
LISA BUGNI (SBN 323962)
lbugni@kslaw.com