**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

**Case No.: CV 20-8499-JFW(KSx)**                    **Date: May 15, 2026**

**Title: Christine Pino -v- Cardone Capital, LLC, et al.**

_____

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

**Shannon Reilly**                                          **Not Present**
**Courtroom Deputy**                                    **Court Reporter**

**Attorneys Present For Plaintiffs**          **Attorneys Present For Defendants**
**None**                                                      **None**

**PROCEEDINGS (IN CHAMBERS):**      **ORDER DENYING DEFENDANTS' MOTION TO COMMUNICATE BUYOUT OFFER TO INDIVIDUAL CLASS MEMBERS [filed 4/13/26; Docket No. 233]**

On April 13, 2026, Defendants Cardone Capital, LLC ("Cardone Capital"), Grant Cardone ("Cardone"), Cardone Equity Fund V, LLC ("Fund V"), and Cardone Equity Fund VI, LLC ("Fund VI") (collectively, "Defendants") filed a Motion to Communicate Buyout Offer to Individual Class Members ("Motion"). On April 27, 2026, Plaintiff Christine Pino ("Plaintiff") filed her Opposition. On May 4, 2026, Defendants filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 18, 2026, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural History[1]**

This is a securities class action brought by Plaintiff on behalf of all persons and entities who purchased interests in Fund V and Fund VI (collectively, the "Funds"). Plaintiff asserts claims under Sections 12(a)(2) and 15 of the Securities Act of 1933, alleging that Defendants made materially false and misleading statements and omitted material facts in connection with the public offerings for the Funds. The Funds currently

_____

[1] The factual and procedural history of this class action is lengthy and well-known to the parties and the Court. As a result, the Court will only discuss the factual and procedural history relevant to this Motion.

hold interests in income-producing multifamily real estate properties in Florida, Texas, and Maryland.

On March 27, 2026, this Court granted Plaintiff's Motion for Class Certification, certifying a class of all persons and entities who purchased or otherwise acquired interests in Fund V and Fund VI pursuant to their public offerings (the "Class"), appointing Plaintiff as Class Representative, and appointing Susman Godfrey L.L.P. as Class Counsel. *See* Docket No. 229. On April 13, 2026, the parties filed, pursuant to the Court's Order, a stipulation detailing notice and opt-out procedures. *Id.* On April 24, 2026, the Court entered an Order approving Plaintiff's proposed class notices and ordering that notice be provided to members of the Class ("Class Members") by May 8, 2026. Class Members who wish to opt out of the Class must do so no later than July 14, 2026.

## II.    Legal Standard

Under Federal Rule of Civil Procedure 23(e), a class action may not be dismissed without court approval. However, the language of Rule 23(e) is limited to settlement of the class action itself, as opposed to settlements with individual class members. *See, e.g., Sullivan v. Saint-Gobain Performance Plastics Corporation*, 2020 WL 9762421 (D. Vt. Nov. 4, 2020) ("[I]t is widely accepted among federal courts that the exacting requirements of Rule 23(e) do not apply to individual settlements"); *see also Titus v. Burns & McDonnell, Inc.,* 2010 WL 11618853, at *1 (W.D. Mo. Aug. 10, 2010) ("[I]t it is well-established that [Rule 23(e)] does not apply to the settlement of individual claims with class members other than the class representative"); *In re Shell Oil Refinery*, 152 F.R.D. 526, 535 (E.D. La. 1989) (recognizing that "several courts have recognized that individual settlements are permissible in a class action" and concluding that "the language of Rule 23(e) is limited to settlement of the class action itself, as opposed to settlements with individual class members"); *Oswald v. McGarr*, 620 F.2d 1190, 1197 (7th Cir. 1980) ("Since the proposed offer would not bind the entire class, the standards developed under Rule 23(e) of the Federal Rules of Civil Procedure did not apply"); *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 773 (2d Cir. 1972) ("[I]t is only the settlement of the class action itself without court approval that F.R.Civ.P. 23(e) prohibits").

"[A] proposed offer to settle with individual class members requires a lesser degree of judicial scrutiny than a proposed settlement of a class action." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1139 (7th Cir. 1979). A court's concern in reviewing an individual settlement is not to see that the settlement is fair, but that the offer "provided data sufficient to enable each [class member] to make an informed choice to settle or proceed." *Vernon J. Rockler & Co. v. Minneapolis Shareholders Co.*, 425 F.Supp. 145, 150 (D. Minn. 1977); *see also In re General Motors*, 594 F.2d at 1139–40. "[A]n offer to settle should contain sufficient information to enable a class member to determine (1) whether to accept the offer to settle, (2) the effects of settling, and (3) the available avenues for pursuing his claim if he does not settle." *In re General Motors*, 594 F.2d at 1139 and 1141 ("[A] class action defendant

Page **2** of **4**

may communicate an offer to settle individual claims without the agreement or consent of the named plaintiffs or their counsel"). In addition, communications with class members must not be misleading, coercive, or otherwise improper. *See* Fed. R. Civ. P. 23; *see also Sullivan*, 202 WL 9762421 ("Courts have frequently imposed requirements designed to ensure that plaintiffs received accurate and sufficient information about the offer and the consequences of accepting or rejecting it").

### III.      Discussion

In their Motion, Defendants seek an Order from the Court permitting Defendants to communicate to Class Members a "buyout offer," or an offer to purchase their interests in the Funds. Specifically, Cardone Capital seeks to offer each investor/Class Member the opportunity to obtain a refund of their invested capital, plus interest, minus any cash distributions received to date. In her Opposition, Plaintiff argues that Defendants' "buyout offer" is an attempt to circumvent Rule 23(e)'s protections of Class Members, an attack on the attorney-client relationship between Class Counsel and the Class Members, an attempt to mislead and confuse Class Members, and an attempt to interfere with the Court's administration of this class action.

The Court concludes that Defendants' Motion should be denied and Defendants should not be allowed to communicate the proposed "buyout offer" to the Class Members. In *In re International House of Pancakes Franchise Litigation*, 1972 WL 535 (W.D. Miss. Feb. 24, 1972), the court denied the defendant's request to negotiate the "repurchase" of franchises from franchise holders who were part of a class action against the defendant despite the defendant's argument that it frequently "repurchased" existing franchises from franchise holders in the normal course of business. In denying the defendant's request, the court concluded that "for several reasons" it was "impractical, illogical and contrary to the interests of justice to allow the defendant to negotiate piecemeal settlements with individual members of this class under the guise of repurchasing their franchises." *Id.* Similarly, in this case, Defendants argue that "[t]his offer is consistent with what Mr. Cardone has done for investors in the past, and it is what he said he would do in the declaration he submitted in connection with Defendants' opposition to Plaintiff's motion for class certification." Motion, 4:8-10. However, Defendants fail to explain why they waited until now – nearly six years after this action commenced on September 16, 2020, after the Class was certified, and after the Class Members have received notice of the class action – to request permission to make this offer to the Class Members. Indeed, at this point in the litigation, it would be a better use of the parties' resources and more beneficial to the Class to use the "buyout offer" as a basis for a Class-wide settlement rather than using it to negotiate what are essentially piecemeal settlements with individual Class Members.

Moreover, the Court is especially concerned that sending the "buyout offer" immediately after Class Members have received their class notices without a clear explanation or attempt to reconcile these two different notices will lead to widespread confusion among the Class Members about how the "buyout offer" might impact their decision to either opt out or remain in the Class. In addition, the Court is also concerned that the Class Members will likely be confused about who they should

contact with questions because Defendants' notice fails to include any contact information for Class Counsel or JDN Legal Administration, the class notice administrator.  Instead, it improperly places the burden on Class Members to speak with an attorney at their own expense if they have any questions.  Such confusion is particularly likely in light of the fact that the Class Members are not sophisticated investors or financial professionals, but, as Defendants describe them, "everyday retail investors who otherwise would not have access to such investment opportunities." Motion, 2:14-15.  Moreover, the strong likelihood that Class Members will be misled or confused by the "buyout offer" notice is wholly unnecessary in light of the fact that this action should be resolved in less than a year.  Indeed, this action is set for trial in March 2027, which is just ten months away.

## IV.    Conclusion

For all the foregoing reasons, Defendants' Motion is **DENIED**.

IT IS SO ORDERED.