MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN SKLAVER (237612)
ssklaver@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067
Phone:  (310) 789-3100
Fax:     (310) 789-3150

RAJ MATHUR (admitted *pro hac vice*)
rmathur@susmangodfrey.com
MORGAN MCCOLLUM (admitted *pro hac vice*)
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, Fl. 50
New York, NY 10001
Phone:  (212) 729-2051
Fax:     (212) 336-8340

Attorneys for Lead Plaintiff Christine Pino and the Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTINE PINO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC,<br><br>Defendants. | Case No. 2:20-cv-08499-JFW (KS)<br><br>**CLASS ACTION**<br><br>**JOINT REPORT ON LOCAL RULE 7-3 CONFERENCE OF COUNSEL**<br><br>**Ctrm:** 580<br>**Judge:** Hon. John F. Walter<br>**Mag. Judge:** Hon. Karen L. Stevenson<br>**Discovery Cutoff Date:** 11/16/2026<br>**Pretrial Conference Date:** 2/12/2027<br>**Trial Date:** 3/3/2027<br>**Complaint Filed:** 9/16/2020 |

1

## JOINT REPORT ON LOCAL RULE 7-3 CONFERENCE OF COUNSEL

Pursuant to Paragraph 5(b) of the Court's Second Amended Standing Order entered in this case (Doc. No. 160), Plaintiff Christine Pino ("Plaintiff") and Defendants Cardone Capital, LLC, Grant Cardone, Cardone Equity Fund V, LLC, and Cardone Equity Fund VI, LLC ("Defendants" and collectively with Plaintiff, the "Parties") submit this Joint Report on their Local Rule 7-3 Conference of Counsel regarding Plaintiff's forthcoming motion for sanctions.

Counsel for the Parties participated in a Local Rule 7-3 conference on July 23, 2026. Marc Seltzer and Raj Mathur attended for the Class, and Joseph N. Akrotirianakis and Brandon Keel attended for Defendants. As two of the four participating attorneys were outside the Central District of California at the time of the conference, the conference was conducted by videoconference. The conference lasted approximately thirty minutes.

During the conference, Class Counsel explained that they intend to file a motion for sanctions against Defendants for conduct which occurred following the conclusion of defendant Grant Cardone's Rule 30(b)(1) deposition on July 17, 2026. Specifically, Mr. Mathur alleges that Mr. Cardone physically touched counsel for Plaintiff Raj Mathur, prevented him from accessing his personal items in order to leave Cardone Capital's offices, and berated him as he left Cardone Capital's offices. Mr. Cardone disputes Mr. Mathur's assertions, as does Defendants' counsel who was present for Mr. Cardone's deposition. Mr. Cardone has subsequently posted on social media about these events and mentioned Mr. Mathur by name, including portions of videos he or his employees recorded. One of those social media posts is available at the following link: https://x.com/GrantCardone/status/2079264634276577304

Class Counsel believes that the Parties have complied with their conferencing obligations under Local Rule 7-3. Class Counsel contends that, as Defendants point out below, Class Counsel informed Defendants of the type of motion they anticipate filing (a motion for sanctions), the factual basis for the motion (Mr. Cardone's

2

conduct on July 17, 2026), the relief sought (costs/fees associated with Mr. Cardone's deposition), and multiple legal authorities (cited below) that support their anticipated motion. Defendants dispute the facts and the application of these authorities, but these are all arguments suitable for their opposition brief, not this Local Rule 7-3 Report. The Parties' correspondence and conference satisfies the requirements of Rule 7-3.

Defendants disagree that Class Counsel has meaningfully conferred as required by the Local Rules and the parties cannot be said to have discussed thoroughly either the authorities on which Class Counsel intends to rely, the facts or evidence Class Counsel believes would support their contemplated motion, or even the relief Class Counsel intends to seek.

For example, during the conference, Class Counsel asserted that Mr. Cardone has made social media posts that were not protected by the First Amendment. Defendants' counsel responded that they were not aware of any social media post by Mr. Cardone that was not squarely within Mr. Cardone's First Amendment rights and requested that Class Counsel provide any such posts to Defendants or point Defendants to them.  Class Counsel has not provided, or pointed Defendants to, any such posts.

In addition, Defendants also asked Class Counsel what sanctions they were seeking.  Class Counsel has stated that they are "evaluating what specific sanctions we will seek" and have only mentioned "costs/fees associated with Mr. Cardone's deposition," which bear no causal relationship to anything Class Counsel is complaining about.  Class Counsel made clear that they were only stating part of the relief they intend to seek, not all of it.

Finally, Defendants have requested the authorities upon which Class Counsel's contemplated motion would rely.  Class Counsel have provided four cases, *Vega v. Chicago Bd. of Educ.*, 109 F.4th 948 (7th Cir. 2024); *Carroll v. Jaques*, 926 F. Supp. 1282 (E.D. Tex. 1996), aff'*d sub nom. Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290 (5th Cir. 1997); *Coomer v. Byrne*, M.D. Fl. No. 8:24-cv-8, Dkt. No. 332

(June 29, 2026); and *Luangisa v. Interface Operations*, 2011 WL 6029880, at *11 (D. Nev. Dec. 5, 2011), none of which seem comparable even to the conduct asserted by Class Counsel.  Class Counsel's position has been "we are not required under the Local Rules to disclose all the authorities upon which we may rely."

Based on the foregoing, Defendants do not believe that the conference of counsel met the requirement that counsel "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3.  The discussed that did take place would not permit the "reach[ing of any] resolution that [would] eliminate[] the necessity for a hearing" or for Class Counsel to state "the position of each party with respect to each disputed issue that will be the subject of the motion."

Dated: July 25, 2026                                    Respectfully submitted by:


SUSMAN GODFREY L.L.P.                       KING & SPALDING LLP



 */s/ Marc M. Seltzer* 
MARC M. SELTZER (54534)
 *mseltzer@susmangodfrey.com*
STEVEN SKLAVER (237612)
 *ssklaver@susmangodfrey.com*
KRYSTA KAUBLE PACHMAN (280951)
 *kpachman@susmangodfrey.com*
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Fax: (310) 789-3150

RAJ MATHUR (admitted *pro hac vice*)
 *rmathur@susmangodfrey.com*
MORGAN MCCOLLUM (admitted *pro hac vice*)
 *mmccollum@susmangodfrey.com*
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Fl.
New York, NY 10001

 */s/ Joseph N. Akrotirianakis* 
JOSEPH N. AKROTIRIANAKIS (SBN 197971)
 *jakro@kslaw.com*
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Phone: (213) 443-4355
Fax: (213) 443-4310

BRANDON R. KEEL (*pro hac vice*)
 *bkeel@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street N.E., Suite 1700
Atlanta, Georgia 30309
Telephone:   (404) 572-4600
Facsimile:   (404) 572-5100

Attorneys for Defendants

Phone:  (212) 729-2051
Fax:     (212) 336-8340

Attorneys for Lead Plaintiff

**C.D. Cal. Local Rule 5-4.3.4(a)(2)(i) Attestation**

I, Raj Mathur, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Raj Mathur*

Raj Mathur

C:\Users\chomer\AppData\Roaming\Microsoft\Templates\California SAC-TABLE FORMAT.dotm