MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Fax: (310) 789-3150

RAJ MATHUR (admitted *pro hac vice*)
rmathur@susmangodfrey.com
MORGAN MCCOLLUM (admitted *pro hac vice*)
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, Fl. 50
New York, NY 10001
Phone: (212) 729-2051
Fax: (212) 336-8340

Attorneys for Lead Plaintiff Christine Pino and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CHRISTINE PINO, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC,

Defendants.

Case No. 2:20-cv-08499-JFW (KS)

**CLASS ACTION**

**PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING OBJECTIONS TO DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**

Motion Hearing Date: 11/16/2026 at 1:30pm
Discovery Cutoff Date: 11/16/2026
Pretrial Conference Date: 2/12/2027
Trial Date: 3/9/2027

Plaintiff Christine Pino respectfully submits the following objections to Defendants' Statement of Uncontroverted Facts and Conclusions of Law.

Combined Statement of Facts Paragraphs 6, 7, 8, 12, 13, 14: Objection, Fed. R. Civ. P. 37(c)(1). These facts concern Grant Cardone's investment track record before he launched the two equity funds at issue in this case, Cardone Equity Funds V and VI. Plaintiff served discovery seeking basic information and financial data about these earlier investments. For every "Earlier Fund"—which Plaintiff defined as Cardone Equity Funds I, II, and III, as well as "any other fund, corporate entity, or property whose performance and returns Defendants intend to rely upon in this litigation to support their projections to investors"—Plaintiff sought subscription agreements and financial data between October 2017 and July 2020. Ex. 59 at 4, 8 (RFPs 100–104). (These dates reflect the time period Magistrate Judge Stevenson ordered and the parties agreed governed Plaintiff's first requests for production.) Defendants categorically refused to produce materials responsive to these requests, including on the basis that this information was not relevant to any claim or defense in this case. Ex. 60 at 6–9. Defendants also objected on the basis of a ruling by Magistrate Judge Stevenson that earlier, different requests were overbroad, which has no application to these narrower requests.

Defendants now seek to wield these earlier investments affirmatively in order to obtain summary judgment—including proffering their returns as undisputed evidence—when they earlier refused discovery about them. The Federal Rules prevent this gamesmanship: "If a party fails to provide information . . . the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1); *see, e.g.*, *Shun Tang v. Volvo Car Corp.*, 2007 WL 2292996, at *2 n.2 (E.D.N.Y. Aug. 9, 2007) ("It should go without saying that a party cannot fail to provide information in response to discovery requests and then seek to use such withheld information . . . ."); *Upper Deck Co., LLC v. Breakey Int'l*, 390 F. Supp. 2d 355, 362 (S.D.N.Y. 2005) (party "cannot shield itself from discovery and then use the

same information it sought to withhold as a sword to defeat summary judgment"). Plaintiff specifically requested financial information about any investments Defendants "intend[ed] to rely upon in this litigation to support their projections to investors." Ex. 59 at 4. That is exactly how Defendants use their earlier investments now. *See, e.g.*, Mot. 3–4, 16–18 (arguing Cardone's investment history "amply supports Defendants' projections"). Because Defendants refused to provide discovery into the track record of the Earlier Funds, they cannot now use that track record to support their motion for summary judgment.

Combined Statement of Facts Paragraphs 83 and 84: Objection, hearsay. Federal Rule of Evidence 802. The Court has previously held that Grant Cardone's statements in his declaration submitted in opposition to Plaintiff's motion for class certification about out-of-court statements Luis Pino allegedly made are inadmissible hearsay. Dkt. No. 229 at 7 n.2. Despite the Court's ruling, Defendants seek to proffer this same evidence in support of Facts Nos. 83 and 84. It remains inadmissible hearsay. *See Huff v. White Motor Corp.*, 609 F.2d 286, 291 (7th Cir. 1979) (Federal Rules of Evidence abrogated the common-law rule favoring privity-based admissions).

Respectfully Submitted,

Dated: October 26, 2026

MARC M. SELTZER
STEVEN G. SKLAVER
KRYSTA KAUBLE PACHMAN
RAJ MATHUR
MORGAN MCCOLLUM
SUSMAN GODFREY L.L.P.

By *_/s/ Marc M. Seltzer_*
Marc M. Seltzer
Attorney for Lead Plaintiff and the Class

**Certification Regarding AI Use**

The undersigned, counsel of record for Plaintiff, certifies that AI was used only to assist in cite-checking this document and identify any potential typographical errors. I certify that I have personally reviewed and verified the accuracy of all legal citations, quotations, factual statements, and analyses contained in this document.

Dated: October 26, 2026

RAJ MATHUR
SUSMAN GODFREY L.L.P.

By *_/s/ Raj Mathur_*
Raj Mathur
Attorney for Lead Plaintiff and the Class