MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Fax: (310) 789-3150

RAJ MATHUR (admitted *pro hac vice*)
rmathur@susmangodfrey.com
MORGAN MCCOLLUM (admitted *pro hac vice*)
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, Fl. 50
New York, NY 10001
Phone: (212) 729-2051
Fax: (212) 336-8340

Attorneys for Lead Plaintiff Christine Pino and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CHRISTINE PINO, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC,

Defendants.

Case No. 2:20-cv-08499-JFW (KSx)

**DISCOVERY MATTER**

**CLASS ACTION**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO RFPS 114 AND 115**

Discovery Cutoff Date: 11/16/2026
Pretrial Conference Date: 2/12/2027
Trial Date: 3/9/2027

Plaintiff asks the Court to compel Defendants to produce video footage of the events which followed the deposition of Grant Cardone. Defendants' opposition brief is mostly notable for what it doesn't contest, including not contesting that:

- Defendant Grant Cardone verbally berated and physically pushed Plaintiff's counsel Raj Mathur.
- Defendant Grant Cardone recorded these events on his phone, as did other employees of his companies and the cameras in the building he owns.
- Defendants' representation to this Court (Dkt. No. 285-5 at ECF p. 3) that the videos Plaintiff seeks are "available online" is inaccurate, given that Cardone has posted only snippets of these videos on social media.
- There is no burden on Defendants from producing a few videos from a single day, which are in their possession, custody, and control.

That alone should resolve this motion. Defendants' remaining arguments fail too. *First*, Defendants seek to litigate the merits of motions which Plaintiff has not yet filed and are not before the Court. *See* Opp. 6–8. But as was made clear at the pre-motion conference, the Court does not need to decide now whether Plaintiff is entitled to sanctions or *in limine* relief. Given that Defendants make no arguments about proportionality or burden, the question here is solely whether the video footage should be produced so that it may be available to be considered by the Court in connection with future motions Plaintiff may file.

The video footage Plaintiff seeks may support both her anticipated sanctions motion and *in limine* motion related to Cardone's social-media activity. Defendants respond by arguing that Plaintiff should lose those motions, *id.*, but that is no response at all. Defendants also try to limit discovery to materials relating directly to whether they violated the securities laws. Opp. 5–6. Defendants in effect argue that discovery that may be relevant to regulating party conduct in a proceeding before the Court is beyond the proper scope of discovery because it does not relate to the merits of a claim or defense. That is not the law.

*Second*, Defendants argue that Judge Walter has "already rejected" Plaintiff's anticipated sanctions motion, and that this motion seeks to "revisit[]" that decision. Opp. 1, 6. A motion that has never been filed, of course, cannot be revisited. Judge Walter's order was issued following the parties' Local Rule 7-3 conference, Dkt. No. 263, and it speaks for itself—and while it imposes requirements for Plaintiff, it does not foreclose the filing of a sanctions motion. Defendants seek to trap Plaintiff in a Catch-22: They claim Plaintiff cannot obtain this evidence because she has not yet moved for sanctions, Opp. 6, yet they also dedicate half their brief disputing Plaintiff's factual assertions, Opp. 1–4. They cannot have it both ways. The requested video footage will put to rest the parties' factual disputes and make clear the bases for Plaintiff's motions, the merits of which Judge Walter can decide at a later juncture, after they are filed with the supporting evidence that Defendants refuse to produce.

*Third*, Defendants make hay of a short-lived confidentiality designation of Cardone's deposition transcript. Counsel for Plaintiff designated the transcript confidential because Cardone provided testimony about Lead Plaintiff, and Cardone had indicated that he would disseminate the complete deposition videos on social media (as he later did). Mr. Mathur therefore provisionally designated the transcript confidential and asked for one business day to review. Mr. Mathur told Defendants' counsel that the parties may have no dispute about confidentiality at all; he simply needed time to review the transcript and confer with his colleagues.[1] Even though the parties' protective order provides that Local Rule 37-1 governs disputes about designations, Dkt. No. 155 at § 6.2, Mr. Mathur offered to reduce the 10-day waiting period to just one day. And upon receiving the transcript on the next business day following Cardone's deposition, Plaintiff's counsel withdrew the confidentiality designation. *See* Dkt. No. 292-2 at 1.

---

[1] *See* Declaration of Raj Mathur, Dkt. No. 285, at ¶¶ 6–11; Dkt. No. 285-3 at 355:19–20, 359:21–23, 361:23–362:1, 362:6–9, 365:20–21, 369:13–14, 373:11–13.

Defendants' argument is, more fundamentally, a non-sequitur. A dispute about confidentiality which is expressly governed by Local Rule 37-1 and is now moot has nothing to do with whether these videos are discoverable.

*Fourth*, Defendants' request for fees is meritless for the reasons discussed above; Plaintiff has substantial justification to seek this discovery. *See, e.g.*, *EEOC v. Caesars Ent., Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006) (not awarding costs because "reasonable people could differ on the matter in dispute").

* * *

Defendants lastly suggest that verbal and physical assault is a justifiable consequence of bringing a "baseless lawsuit." Opp. 2; Dkt. No. 292-4 at 2 (Defendants' Counsel: "You have dragged Mr. Cardone through a baseless lawsuit . . . Mr. Cardone was understandably frustrated"). The Ninth Circuit has twice affirmed the plausibility of Plaintiff's allegations and the Court has certified a class, so this case is hardly baseless. More importantly, though, no view of the merits licenses what occurred on July 17. The Court should compel compliance with Plaintiff's Requests for Production Nos. 114 and 115.

Respectfully Submitted,

Dated: October 30, 2026

MARC M. SELTZER
STEVEN G. SKLAVER
KRYSTA KAUBLE PACHMAN
RAJ MATHUR
MORGAN MCCOLLUM
SUSMAN GODFREY L.L.P.

By *[/s/ Marc M. Seltzer]*
Marc M. Seltzer
Attorney for Lead Plaintiff and the Class