MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
STEVEN G. SKLAVER (237612)
ssklaver@susmangodfrey.com
KRYSTA KAUBLE PACHMAN (280951)
kpachman@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Phone: (310) 789-3100
Fax: (310) 789-3150

RAJ MATHUR (admitted *pro hac vice*)
rmathur@susmangodfrey.com
MORGAN MCCOLLUM (admitted *pro hac vice*)
mmccollum@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, Fl. 50
New York, NY 10001
Phone: (212) 729-2051
Fax: (212) 336-8340

Attorneys for Lead Plaintiff Christine Pino and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CHRISTINE PINO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC,<br><br>Defendants. | Case No. 2:20-cv-08499-JFW (KS)<br><br>**DISCOVERY MATTER**<br><br>**CLASS ACTION**<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO RFP NO. 97**<br><br>Discovery Cutoff Date: 11/16/2026<br>Pretrial Conference Date: 2/12/2027<br>Trial Date: 3/9/2027 |

## TABLE OF CONTENTS

I. DEFENDANTS CONFLATE A MOTION FOR CURATIVE NOTICE WITH A MOTION TO COMPEL .......... 1

II. DEFENDANTS' COMMUNICATIONS WITH INVESTORS ARE RELEVANT AND PROPORTIONAL .......... 4

III. DEFENDANTS' REQUEST FOR COSTS HAS NO BASIS .......... 7

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Adlerstein v. U.S. Customs & Border Prot.*, 2023 WL 3079662 (D. Ariz. Apr. 25, 2023) ........ 7

*Casella v. Webb*, 883 F.2d 805 (9th Cir. 1989) ........ 5

*MD Helicopters, Inc. v. Aerometals, Inc.*, 2019 WL 1227919 (E.D. Cal. Mar. 15, 2019) ........ 7

*QueerDoc, PLLC v. U.S. Dep't. of Justice*, 187 F.4th 1112 (9th Cir. 2026) ........ 6

**Statutes**

28 U.S.C. § 1927 ........ 7

**Rules**

Fed. R. Civ. P. Rule 23(d) ........ 7

Fed. R. Civ. P. 26(b)(2)(B) ........ 4, 6

Fed. R. Civ. P. Rule 30 ........ 4

Fed. R. Civ. P. Rule 37 ........ 7

Plaintiff's Request for Production No. 97 seeks "[a]ny notes, documents, or communications reflecting the conversations that Cardone Capital employees, personnel, or representatives had with investors in Cardone Equity Fund V or Cardone Equity Fund VI," Dkt. No. 284-6, and Plaintiff has agreed to limit the date range applicable to this request to after class certification. These documents are relevant to Defendants' defenses of consent and waiver (which their opposition brief does not mention), Plaintiff's damages calculations, compliance with the Court's orders, and 226 potential trial witnesses listed by Defendants in their Rule 26 disclosures.

Defendants' lead argument in opposition focuses not on Rule 26, but instead claims that Plaintiff's motion is a disguised request to reconsider Judge Walter's order denying a motion for curative notice (Opp. 6–9). That mischaracterizes this motion to compel, Judge Walter's order, and RFP 97. Plaintiff does not ask this Court to revisit whether curative notice is warranted, to invalidate any opt-out, or to disturb any ruling of the District Court. She asks only that Defendants be ordered to produce documents responsive to a properly served request for production under Rule 34—an ordinary discovery dispute squarely within this Court's authority. Judge Walter decided a different question: whether Plaintiff had shown conduct that "justifie[d] the broad corrective actions" she sought. Dkt. No. 265 at 7–8. He did not apply Rule 26 or decide whether Defendants' communications with class members are relevant or proportional. In fact, he did not directly address these issues at all. Denying an extraordinary remedy is not a ruling that the underlying documents are shielded from discovery. Defendants' authorities, which address a magistrate judge's power to set aside a district judge's order, therefore have no application here. And RFP 97 encompasses documents which

were not even at issue in Plaintiff's motion for curative notice, like recordings of Defendants' monthly calls with investors.

The Court should overrule Defendants' objections and order Defendants to produce documents responsive to RFP No. 97.

## I. Defendants Conflate a Motion for Curative Notice with a Motion to Compel

Defendants repeatedly overstate Judge Walter's ruling. *See* Dkt. No. 265. In connection with her motion for curative notice, Plaintiff sought *certain* (but not all) materials that would be responsive to the request for production at issue in this motion to compel. The Court denied Plaintiff's principal requested relief (curative notice), so this secondary request for a limited discovery order was moot and not directly addressed in the Court's reasoning. *Id.* at 8–9. Judge Walter's written findings, to the contrary, *support* the production of documents here: The Court specifically "question[ed] Cardone's motivation for his social media posts and the wisdom of Defendants' decision to send the email and text message to the Fund V and Fund VI investors without defense counsel first consulting with Class Counsel." *Id.* at 8. And most importantly for purposes of this Motion, the Court noted: "Because the opt-out period ended on July 14, 2026, all of the Fund V and Fund VI investors who did not opt out are now represented by Class Counsel. As a result, the Court cautions Defendants regarding future communications with class members and public statements regarding this litigation that may appear as attempts to unduly influence class members." *Id.*

Defendants argue that they are immune from discovery on these issues notwithstanding the Court's reservations and cautions when, at best, the Court held that on the record as of August 10, 2026, it would not order the extraordinary remedy of

curative notice. But subsequent deposition testimony from Defendants has confirmed that relevant documents—which Plaintiff did not know about at the time she filed her motion for curative notice and were certainly not in the record before Judge Walter—both exist and are being withheld. These include recordings of Zoom calls with investors and scripts Defendants used when communicating with class members. *See* Fischborn Depo. Tr., Dkt. No. 284-4, at 282:4–283:18, 290:13–291:24.

Defendants wrongly claim this is not "new" deposition testimony even though Andres Fischborn, Cardone Capital's Director of Investor Relations, was deposed on October 16, 2026—just five days before Plaintiff filed this motion to compel. Indeed, Fischborn was the employee who submitted a declaration supporting Defendants' opposition to Plaintiff's motion for curative notice, Dkt. No. 258-1, and his deposition testimony called into question the statements he made in that declaration. *Compare* Fischborn Decl., Dkt. No. 258-1, at ¶¶ 10–11 (describing "neutral communications" sent via email and text and omitting the script used with investors or Zoom calls held with investors) *with* Fischborn Depo. Tr., Dkt. No. 284-4, at 283:4–18 (confirming that there was a different script, not yet produced, for answering investor questions about the lawsuit).[1]

Of course, if Plaintiff ultimately wanted to seek reconsideration of the Court's order on Curative Notice, the new evidence Plaintiff is seeking in this Motion would be relevant to that motion. *See* L.R. 7-18 (recognizing that new material facts emerging

---

[1] Nor is Defendants' characterization of Plaintiff's "abandoning" this discovery issue accurate. Plaintiff raised this issue with this Court and re-raised the issue because it has not yet been addressed. The idea that an omission of this issue from a subsequent discovery dispute means it was somehow abandoned is nonsensical.

after the order are proper grounds for reconsideration).

## II. Defendants' Communications with Investors Are Relevant and Proportional

When appropriately viewed through the lens of Rule 26, compelling production of the requested documents is appropriate. Defendants now try to argue their objections to RFP 97 were not boilerplate, but many were conclusory and others were copied and pasted from interrogatory responses, so have no application here. Dkt. No. 284-6 at 1. Other objections are facially inapplicable: Defendants objected to RFP 97 as "premature" because it was served before class certification, *id.*, but the Court has now granted class certification.

In any event, Defendants' suggestion that the documents in question are irrelevant is undermined by the fact that they acknowledged even in their responses to Plaintiff's RFP No. 97 that certain communications with investors who submitted declarations were relevant. Dkt. No. 284-6 at 1–2. Defendants have indicated they may call these 226 witnesses at trial. Dkt. No. 284-2 at ¶ 6. Plaintiff is entitled to test the credibility of those trial witnesses with the communications they have had with Defendants about this case. Even if that information did not specifically relate to the claims or defenses in this case (which is unlikely), it would still be discoverable as information that could be used to impeach a likely witness. *See* Fed. R. Civ. P. 26, Committee Notes on Rules, 2000 Amendment (noting that information that could be used to impeach a likely witness is properly discoverable).[2] The evidence could also be

[2] Defendants' suggestion that Plaintiff should not be entitled to this evidence because she has not yet deposed the 226 investors on Defendants' initial disclosures ignores Federal Rule of Civil Procedure 30(a)(2)(A)(i)'s 10-deposition limit.

used to impeach Mr. Cardone or Mr. Fischborn, among other employees of Defendants, given the testimony each gave about their communications with class members.

These documents are also clearly relevant to damages—another topic which was not before Judge Walter in connection with Plaintiff's motion for curative notice—and Defendants' contrary argument misstates the law. Defendants argue that Class Members who received a buy-out have "no damages" because they have already received the amount they invested, less distributions. Opp. 10. But the Ninth Circuit has held that where a "purchaser no longer owns the security," her "rescissory damages" under Section 12(a)(2) are "equivalent" to the value of rescission, which is calculated as "the purchase price *plus interest*, less income." *Casella v. Webb*, 883 F.2d 805, 808 (9th Cir. 1989) (emphasis added). Defendants' buyout payments did not include interest. *See* Fischborn Depo. Tr., Dkt. No. 284-4, at 307:14–20. The requested documents will therefore assist Plaintiff in identifying class members with claims for damages and calculating those claims in advance of trial.

Defendants do not address in their opposition that their fourteenth affirmative defense expressly invokes consent and waiver. *See* Dkt. No. 150. This alone defeats Defendants' argument that Plaintiff's request is untethered from any "claims" or "defenses" in this case, as their communications and agreements with investors in the Funds (especially those who have received buy-outs) may implicate both defenses. Defendants also conveniently ignore the point that investors may have been encouraged to roll their investment into one of Cardone's new offerings and say nothing of the releases at issue.

Defendants' opposition instead asks the Court to accept their say-so about what was communicated to investors based on selectively quoting deposition testimony and

ignoring the probative testimony highlighted by Plaintiff in the opening brief. They fail to respond to the deposition testimony confirming they did not disclose to investors that they would be able to elect a remedy after trial, that they were not receiving interest on their buyout even though they would be able to receive interest after trial, and that the buyouts were below market value. Cardone Depo. Tr., Dkt. No. 284-3, at 13:14–17; Fischborn Depo. Tr., Dkt. No. 284-4, at 305:4–307:20, 319:1–320:17, 327:11–330:3. All of this information is pertinent to Class Counsel's obligation to protect the interests of class members.

Defendants' claim that the requested discovery is disproportional to the needs of this case is completely unsupported. Defendants bear the burden of demonstrating that discovery would be disproportional. *See* Fed. R. Civ. P. 26(b)(2)(B) ("On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost."). They fail to submit any declaration attesting to proportionality. *Cf.* *QueerDoc, PLLC v. U.S. Dep't. of Justice*, 187 F.4th 1112, 1147 (9th Cir. 2026) (noting that party's claim of undue burden "must consist of more than bare conclusory declarations").

Defendants' claim that these documents are not within a relevant timeframe, Opp. 9, is also without merit. That timeframe comes from this Court's ruling on Plaintiff's first set of requests for production, Dkt. No. 194 at 12–13, and does not apply to separate discovery requests which were not before the Court in that earlier motion and concern different issues all together. Plaintiff has no intention of arguing that the documents at issue demonstrate that Defendants made material misrepresentations and omissions to investors at the time the offers were made. Rather, the documents pertain to Defendants'

defenses, protecting class members' interests under Rule 23(d), impeachment, damages, and control-person liability. And Defendants' argument that the relevant information is in class members' custody or control is misguided. One would not expect class members to have the internal Cardone Capital scripts used with investors or video recordings of investor calls, which are uniquely in Cardone Capital's custody or control.

Similarly, Defendants' claim that the requested information would somehow implicate class members' privacy is easily disposed of with the parties' protective order (Dkt. No. 155). Any sensitive information could be appropriately designated under the protective order. *See, e.g.*, *MD Helicopters, Inc. v. Aerometals, Inc.*, 2019 WL 1227919, at *7 (E.D. Cal. Mar. 15, 2019).

**III. Defendants' Request for Costs Has No Basis**

Far from sanctionable, Plaintiff's motion is well grounded in deposition testimony establishing specific categories of documents that Defendants have withheld. There is no basis for Defendants' requested relief under Rule 37 and 28 U.S.C. § 1927. *See, e.g., Adlerstein v. U.S. Customs & Border Prot.*, 2023 WL 3079662 (D. Ariz. Apr. 25, 2023) (declining to impose sanctions where parties disagreed about scope of relevance for purposes of motion to compel).

Respectfully Submitted,

Dated: October 30, 2026

MARC M. SELTZER
STEVEN G. SKLAVER
KRYSTA KAUBLE PACHMAN
RAJ MATHUR
MORGAN MCCOLLUM
SUSMAN GODFREY L.L.P.

By *__/s/ Marc M. Seltzer_____*
Marc M. Seltzer
Attorney for Lead Plaintiff and the Class