JOSEPH N. AKROTIRIANAKIS (SBN 197971)
*jakro@kslaw.com*
LISA BUGNI (SBN 323962)
*lbugni@kslaw.com*
MATTHEW V.H. NOLLER (SBN 325180)
*mnoller@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

BRANDON R. KEEL (admitted *pro hac vice*)
*bkeel@kslaw.com*
CHERI GROSVENOR (admitted *pro hac vice*)
*cgrosvenor@kslaw.com*
KING & SPALDING LLP
1180 Peachtree Street N.E., Suite 1700
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5100

Attorneys for Defendants
CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

CHRISTINE PINO, on behalf of herself and all others similarly situated,

Plaintiff,

v.

CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC,

Defendants.

Case No. 2:20-cv-08499-JFW (KS)

**CLASS ACTION**

**DEFENDANTS' EX PARTE APPLICATION TO STAY CHIEF MAGISTRATE JUDGE STEVENSON'S NOVEMBER 13, 2026 ORDER (DKT. 305) PENDING DEFENDANTS' MOTION FOR REVIEW**

**Judge:** Hon. John F. Walter
**Mag. Judge:** Hon. Karen L. Stevenson

Discovery Cutoff Date: 11/16/2026
Pretrial Conference Date: 2/12/2027
Trial Date: 3/9/2027

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Cardone Capital, LLC ("Cardone Capital"), Grant Cardone, Cardone Equity Fund V, LLC, and Cardone Equity Fund VI, LLC (collectively, "Defendants") hereby apply ex parte, pursuant to Local Rules 7-19 and 72-2.2 and Section 6 of this Court's 2nd Amended Standing Order (Dkt. 160), for an order staying Chief Magistrate Judge Stevenson's November 13, 2026, Order Granting Plaintiff's Motion to Compel Documents Responsive to RFP No. 97 (Dkt. 305) ("Order") pending this Court's resolution of Defendants' forthcoming motion for review under Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1.

The Order, entered the afternoon of Friday, November 13, 2026, requires Defendants to collect, review, and produce "all documents and communications responsive to RFP 97" by today, November 16, 2026, the very next business day and the date of the discovery cutoff. Dkt. 305. RFP No. 97 seeks every single note, document, and communication between Cardone Capital personnel and any of approximately 3,400 Fund V and Fund VI investors from October 25, 2025 to the present, irrespective of whether such communications have anything to do with the matters at issue in this lawsuit and despite the fact that this Court already denied Plaintiff the very relief Chief Magistrate Judge Stevenson ordered—meaning she effectively overruled this Court, which she has no authority to do.

By requiring production within one business day, moreover, the Order improperly seeks to deprive Defendants of their right to seek this Court's review of the Order under Federal Rule of Civil Procedure 72(a), Local Rule 72-2.1, and Section 4(a) of the Standing Order. Compliance with the Order in one business day is also impossible, and any attempt to comply would force a production without meaningful privilege review.

Defendants respectfully request that the Court stay the Order pending resolution of Defendants' motion for review, which Defendants will file on or before November

27, 2026, after completing the conference and joint-statement requirements of Local Rule 7-3 and Section 5(b) of the Standing Order.

On November 16, 2026, Defendants' counsel spoke with Krysta Pachman, counsel for Plaintiff, and advised her of the substance of this Application. Plaintiff's counsel stated that Plaintiff opposes the relief requested. Concurrently with filing, Defendants are serving this Application on Plaintiff's counsel by email and notifying Plaintiff that any opposition must be filed no later than twenty-four hours after the filing of this Application, as required by Section 6 of the Standing Order.

Pursuant to L.R. 7-19, Defendants hereby provide the "name, address, telephone number and e-mail address of counsel for the opposing party":

> Marc M. Seltzer (mseltzer@susmangodfrey.com), Steven G. Sklaver (ssklaver@susmangodfrey.com), and Krysta Kauble Pachman (kpachman@susmangodfrey.com), Susman Godfrey L.L.P., 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067, (310) 789-3100; and Raj Mathur (rmathur@susmangodfrey.com) and Morgan McCollum (mmccollum@susmangodfrey.com), Susman Godfrey L.L.P., One Manhattan West, Fl. 50, New York, NY 10001, (212) 729-2051.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Brandon R. Keel, the files and records in this action, and such other matters as the Court may consider.

Dated: November 16, 2026

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS

Attorneys for Defendants
CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. ARGUMENT ........ 4

A. Ex Parte Relief Is Warranted. ........ 4

B. A Stay of the Magistrate Judge's Order Pending Review Is Warranted. ........ 5

i. Defendants are likely to succeed on their motion for review. ........ 6

ii. Defendants will suffer irreparable harm absent a stay. ........ 7

iii. A stay will not substantially injure Plaintiff. ........ 8

iv. The public interest favors a stay. ........ 9

C. Defendants Will Comply with Local Rule 7-3 Prior to Filing Their Motion for Review. ........ 9

IV. CONCLUSION ........ 10

# TABLE OF AUTHORITIES


Page(s)

**Cases**

*Alvarez v. Larose*,
2020 WL 5632659 (S.D. Cal. Sept. 21, 2020) .................................................... 7

*Chase Manhattan Bank N.A. v. Stapleton*,
49 V.I. 987 (D.V.I. 2008) ................................................................................ 6, 7

*Earl v. Turnbull*,
2005 WL 3178164 (D. Alaska Nov. 22, 2005) ............................................... 6, 7

*Gravestock v. Abilene Motor Express, Inc.*,
2016 WL 11523630 (C.D. Cal. Aug. 23, 2016) .................................................. 6

*Jones v. PGA Tour, Inc.*,
2023 WL 2541326 (N.D. Cal. Mar. 15, 2023) .................................................... 8

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) ............................................................................... 6

*Mission Power Eng'g Co. v. Continental Cas. Co.*,
883 F. Supp. 488 (C.D. Cal. 1995) ...................................................................... 4

*Nken v. Holder*,
556 U.S. 418 (2009) ............................................................................................. 5

**Statutes and Rules**

28 U.S.C. § 636(b)(1)(A) ......................................................................................... 9

Federal Rule of Civil Procedure 26 ....................................................... *passim*

Federal Rule of Civil Procedure 72 ....................................................... *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Order giving rise to this Application presents a clear basis for a stay and is precisely why parties are granted the right to seek review by the district court of a magistrate judge's discovery order. At 12:59 p.m. PT on Friday, November 13, 2026, Chief Magistrate Judge Stevenson entered an order requiring Defendants to collect and produce, within one business day, every single note, document, and communication between Cardone Capital personnel and any of the roughly 3,400 investors in Funds V and VI, regardless of the subject of those communications or whether they bear any relation to the claims and defenses in this case. Dkt. 305 at 2. The Order contains no findings beyond a one-sentence conclusion that the information is relevant and proportional. *Id.* It also fails to address that this Court already denied Plaintiff's request for the Court to compel production of these same communications and that Chief Magistrate Judge Stevenson lacked authority to revisit that ruling. *Id.*; *see also* Dkt. 291 at 1-2, 6-9; Dkt. 265.

Defendants will seek this Court's review of the Order within the fourteen-day period that Rule 72(a), Local Rule 72-2.1, and this Court's Standing Order guarantee. But the Order "remains in effect unless the ruling is stayed." L.R. 72-2.2. And unless it is stayed, Defendants must either: (1) attempt a one-day collection and production that cannot be completed and would require producing hundreds or thousands of communications without a meaningful privilege review, or (2) risk noncompliance with a court order. Either way, Defendants' right to review would be lost before it could be exercised. Defendants thus seek a short stay of the Order to allow time for Defendants to exercise their right to seek review of the Order, and for this Court to evaluate the propriety of the Order. A stay will appropriately protect Defendants' right to seek review, without prejudicing Plaintiff in any respect. The communications demanded by the Order are not relevant to any pending motion, and the equities strongly favor a short stay.

## II. BACKGROUND

Plaintiff served RFP No. 97 on January 16, 2026, seeking "[a]ny notes, documents, or communications" reflecting conversations between Cardone Capital personnel and Fund V or VI investors from October 22, 2025, to the present. Dkt. 284-6. Defendants timely objected to the request on numerous grounds, including that the request was overbroad, disproportionate to the needs of the case, sought information that is irrelevant to the claims and defenses, and was not limited to the October 1, 2017, through December 20, 2019 discovery period Chief Magistrate Judge Stevenson had already set. *Id.* Defendants nonetheless agreed to search for and produce nonprivileged correspondence and notes concerning the 226 investors who had submitted declarations in connection with class certification, which is what prompted Plaintiff's RFP No. 97 in the first place. That production was promptly completed in February 2026 as part of a broader discovery effort in which Defendants reviewed approximately 200,000 documents and produced approximately 90,000 documents, at substantial cost.

***Nearly five months later***, on June 11, 2026, Plaintiff emailed Defendants' counsel demanding that Defendants also produce "all communications between Cardone Capital employees, personnel, or representatives and members of the class through the present" in response to her RFP No. 97. Dkt. 291-2 at 8. Defendants declined, explaining again that the request sought irrelevant material and duplicated relief Plaintiff was already seeking through her motion for curative notice filed with this Court, which asked the Court to order Defendants "to identify any investor of Fund V or Fund VI with whom they have contacted . . . and to produce any communications with those Class Members." *Id.* at 7; Dkt. 254 at 2; Dkt. 256 at 2. Defendants opposed Plaintiff's motion for curative notice, including her request for production of all post-certification communications. Dkt. 258. On August 10, 2026, this Court denied Plaintiff's motion in its entirety. Dkt. 265 at 6-9.

Plaintiff did not seek reconsideration of that ruling. Instead, more than eight months after serving RFP No. 97 and despite this Court denying her request to compel

production of all post-certification communications, Plaintiff decided to try again, this time with Chief Magistrate Judge Stevenson instead of this Court. On September 30, 2026, Plaintiff revived her previously rejected request, again demanding production of these communications, and then filed her motion to compel with the magistrate judge. Dkt. 291-5. Her motion failed even to disclose that this Court had already denied the same relief Plaintiff was requesting of Chief Magistrate Judge Stevenson. *See* Dkt. 284-1.

Defendants opposed Plaintiff's motion to compel on three grounds. First, the motion was an improper attempt to obtain reconsideration of this Court's order denying the same relief, which a magistrate judge lacks authority to grant. Dkt. 291 at 1-2, 6-9. Second, the request is neither relevant nor proportional to the needs of this case. Plaintiff's claims rest on her contention that Defendants made materially false or misleading statements concerning the Funds in 2019 and 2020. *Id.* at 9-11. Communications from March 2026 to the present have no bearing on such claims. Indeed, the magistrate judge had already limited the relevant period for discovery to October 1, 2017, through December 20, 2019. *Id.* Yet RFP No. 97 reaches "every email, text message, call note, and recording" between Cardone Capital personnel and roughly 3,400 investors on any subject, most of which concern ordinary fund administration. Defendants further explained to Chief Magistrate Judge Stevenson that collecting, reviewing for privilege, and producing all these communications before the November 16, 2026 discovery cutoff was "not remotely feasible" even in the nineteen days then remaining in the discovery period. *Id.* Third, Defendants explained that Plaintiff could not justify the burden of this request given that Class Counsel could obtain any communications with class members directly from their own clients, the class. *Id.* at 11; Fed. R. Civ. P. 26(b)(2)(C)(i).

On Friday, November 13, 2026, the magistrate judge granted the motion in a half-page, two-paragraph order. Dkt. 305 at 2. The Order states only that "the information sought is relevant to the claims and defenses at issue in the case and proportionate to

the needs of the case," and orders production "by no later than November 16, 2026"—the next business day after the Order was entered. *Id.* The Order does not address this Court's August 10 ruling or any of Defendants' arguments in their opposition. *See id.*

## III. ARGUMENT

### A. Ex Parte Relief Is Warranted.

Ex parte relief is appropriate where (1) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed-motion procedures, and (2) the moving party is without fault in creating the crisis that requires ex parte relief. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see* Standing Order § 6. Both requirements are met here.

First, Defendants' cause will be irreparably prejudiced absent ex parte relief. A regularly noticed motion requires at least twenty-eight days' notice, L.R. 6-1, but the Order requires production in one business day. Without a stay, the production will be complete, and the motion for review moot, long before the Court can reach its merits.

Second, Defendants did not create this emergency. Defendants timely objected to RFP No. 97 on February 3, 2026, including on the basis that the request was overbroad, disproportionate to the needs of the case, sought irrelevant information, and extended far beyond the relevant period for discovery, as already ruled by the magistrate judge. Dkt. 284-6. And when Plaintiff demanded "all communications . . . through the present" five months later in June 2026, Defendants again objected, explaining within days why Plaintiff's request was improper—namely, that it was duplicative of relief Plaintiff was already seeking through her motion for curative notice with this Court and sought information that was not relevant or proportionate to the needs of the case. Dkt. 291-2 at 7-8. Defendants then opposed Plaintiff's motion for curative notice on the merits, which the Court denied in its entirety on August 10, 2026, including denying Plaintiff's request for the Court to compel Defendants to produce the same post-certification communications at issue here. Dkt. 258; Dkt. 265.

After losing on her motion with this Court, Plaintiff did not seek reconsideration.

Rather, Plaintiff decided to try again months later. Specifically, on September 30, 2026, more than seven weeks after the Court's ruling denying her request to compel production, and roughly six weeks before the discovery cutoff, Plaintiff revived her request. Dkt. 291-5. Plaintiff then moved to compel without disclosing to the magistrate judge the Court's previous decision denying the same relief Plaintiff was seeking. Dkt. 284. Defendants opposed promptly, explaining why Plaintiff's motion to compel should be denied and expressly informing the magistrate judge that production on this scale could not be completed before the November 16, 2026, discovery cutoff, even if it were ordered. Dkt. 291.

Chief Magistrate Judge Stevenson nonetheless granted the motion on the afternoon of Friday, November 13, 2026, and ordered production by Monday, November 16, 2026, the next business day. Dkt. 305 at 2. Defendants have sought relief at the first available opportunity. The resulting emergency is not from Defendants' conduct, but rather from the Order's deadline and Plaintiff's decision to wait until the eve of the discovery cutoff to relitigate a request this Court had already denied.

**B. A Stay of the Magistrate Judge's Order Pending Review Is Warranted.**

A magistrate judge's non-dispositive order is subject to review by the district judge, who must modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Standing Order § 4(a). A party has fourteen days after service of a written ruling to seek that review. Fed. R. Civ. P. 72(a); L.R. 72-2.1; Standing Order § 4(a). The Local Rules further provide that the district judge may stay the ruling while review is pending. L.R. 72-2.2 (ruling "remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge").

In considering whether to grant a stay, courts generally consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Courts in the Ninth Circuit utilize a "sliding scale approach . . . whereby the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (internal quotation omitted). The factors strongly favor a stay here.

***i. Defendants are likely to succeed on their motion for review.***

The Order is contrary to law and clearly erroneous for at least two reasons.

First, the magistrate judge lacked authority to grant relief this Court had already denied. Before running to the magistrate judge on this issue, Plaintiff made her request directly to the Court by way of her motion for curative notice, which asked the Court to order Defendants "to produce any communications" with class members since class certification. Dkt. 254 at 2; Dkt. 256 at 2. In August 2026, this Court denied that request in its entirety. Dkt. 265 at 6-9. A magistrate judge lacks authority to reconsider or effectively overrule a district judge's order. *See Earl v. Turnbull*, 2005 WL 3178164, at *1 (D. Alaska Nov. 22, 2005); *Chase Manhattan Bank N.A. v. Stapleton*, 49 V.I. 987, 991 (D.V.I. 2008). Defendants raised this point in their opposition to Plaintiff's motion to compel, Dkt. 291 at 1-2, 6-9, yet the Order does not mention it. Dkt. 305 at 2.

Second, the Order compels discovery that falls outside Rule 26(b)(1). Discovery is limited to nonprivileged matters which are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *Gravestock v. Abilene Motor Express, Inc.*, 2016 WL 11523630, at *3 (C.D. Cal. Aug. 23, 2016) ("Information must be relevant to the parties' ***claims and defenses*** to be [] discoverable under FRCP 26.") (emphasis added). The claims at issue here are narrow. Plaintiff alleges that Defendants made materially false or misleading statements when marketing Funds V and VI in 2019 and 2020, in violation of Sections 12(a)(2) and 15 of the Securities Act. Communications from March 2026 to the present, nearly 8 years after the challenged statements, are not relevant and proportionate to the needs of this case.

That is why the magistrate judge previously limited the relevant discovery period to October 1, 2017, through December 20, 2019. Dkt. 194 at 12-13.

Ignoring the limits of Rule 26, and her own previous discovery order, Chief Magistrate Judge Stevenson compelled production of every communication between Cardone Capital personnel and roughly 3,400 investors, on any subject, from March 2026 to the present. Virtually all such communications concern routine fund administration that has nothing to do with this case. And most importantly, none of these communications would be relevant to whether any of the challenged statements were false when made, a fact which Plaintiff herself does not dispute.

Plaintiff effectively acknowledged in her motion to compel that these communications are not relevant to her claims in the case. Rather, she sought to probe these communications to purportedly evaluate "whether investors were given accurate information about this lawsuit" during the opt-out period, in an apparent effort to challenge the propriety of the more than 850 investors who opted out of the class. Dkt. 284-1 at 5. That inquiry has nothing to do with the merits of this case, meaning it is beyond the scope of discovery under Rule 26. Moreover, this Court has already denied Plaintiff's motion seeking to invalidate the opt-outs, and there is no basis for revisiting that ruling or requiring production of these communications.

Plaintiff's relevance theory fails on its own terms, and it is the same theory this Court has already rejected. Plaintiff cannot seek relief from this Court, be denied, and then ask the magistrate judge for the same relief. *Earl*, 2005 WL 3178164, at *1 (magistrate judge "lacks authority to reconsider the district judge's order"); *Chase Manhattan Bank*, 49 V.I. at 991 (same).

***ii. Defendants will suffer irreparable harm absent a stay.***

*Review would be mooted.* Rule 72(a), Local Rule 72-2.1, and Section 4(a) of the Standing Order entitle Defendants to fourteen days to seek this Court's review. Requiring production before that period has even begun to run, let alone before any motion could be heard, would eliminate that right. *See Alvarez v. Larose*, 2020 WL

5632659, at *2 (S.D. Cal. Sept. 21, 2020) (granting partial stay where immediate enforcement of magistrate judge's order would "preclude the district judge's ability to review" the anticipated Rule 72 objections and, thus, "would effectively deprive [r]espondents of their right to reconsideration of the Discovery Order by the district judge altogether"); *Jones v. PGA Tour, Inc.*, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15, 2023) (finding the movants demonstrated irreparable harm where requiring third parties to comply with the discovery order before the district court ruled on their Rule 72 motion would "effectively den[y] the relief sought in that motion").

*Compliance is impossible.* The Order requires Defendants, in a single business day, to identify, collect, review, and produce every responsive note, email, text message, call note, and recording involving approximately 3,400 investors over a period of more than a year. Dkt. 305 at 2. No reasonable process can accomplish that.

*The cost of compliance is substantial and unrecoverable.* Collecting, processing, reviewing, and producing every responsive communication is a major undertaking. If Defendants incur that expense now and the Court later sets the Order aside, the expense cannot be recovered. Imposing it before the Court has decided whether the discovery is permissible at all is precisely the type of burden Rule 26(b)(1) requires courts to weigh against a request's likely benefit.

*A rushed production threatens privilege.* Many of the responsive documents are likely to involve or reflect the advice of counsel, including communications in which counsel participated, guidance prepared with counsel for responding to investor inquiries, and internal communications forwarding or discussing counsel's advice. Producing that volume without a document-by-document privilege review risks disclosing attorney-client privileged communications and work product, and it invites waiver disputes. That harm cannot be undone once the documents are produced.

***iii. A stay will not substantially injure Plaintiff.***

A stay merely preserves the status quo for the short time needed to resolve Defendants' motion for review. Trial is not set until March 9, 2027, and the Pretrial

Conference is not until February 12, 2027. There is no pending motion for which the documents at issue are relevant. There simply is no possible prejudice that would result to Plaintiff from a short stay that allows this Court time to evaluate Defendants' motion seeking review of the Order.

***iv. The public interest favors a stay.***

The public interest favors preserving the structure Congress and the Federal Rules established for review of magistrate judge rulings. Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a), the district judge retains final authority over non-dispositive pretrial matters. The fourteen-day review period guaranteed by Rule 72(a), Local Rule 72-2.1, and Section 4(a) of this Court's Standing Order exists to give that authority practical effect. An order that must be fully carried out before review can occur leaves nothing for the district judge to decide.

The public interest also favors respect for, and consistent application of, the district court's prior orders. This Court has already considered and denied Plaintiff's request for the same post-certification investor communications at issue with RFP No. 97. Dkt. 265 at 6-9. Allowing that ruling to be effectively overridden before this Court can address the conflict would undermine the orderly administration of this case and encourage parties to relitigate denied requests before a different judicial officer.

**C. Defendants Will Comply with Local Rule 7-3 Prior to Filing Their Motion for Review.**

Defendants do not seek to bypass this Court's procedures. Defendants will promptly hold the Local Rule 7-3 conference with lead counsel, file the joint statement required by Section 5(b) of the Standing Order, and file their motion for review within the fourteen-day period. This Application seeks only to preserve the Court's ability to decide that motion before it is mooted. To the extent the Court is inclined to expedite resolution, Defendants are prepared to proceed on any shortened schedule the Court sets. *See* L.R. 6-1.

## IV. CONCLUSION

For these reasons, Defendants respectfully request that the Court stay the Order (Dkt. 305) pending resolution of Defendants' motion for review.

Dated: November 16, 2026

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
LISA BUGNI
MATTHEW V.H. NOLLER
BRANDON R. KEEL
CHERI GROSVENOR

Attorneys for Defendants
CARDONE CAPITAL, LLC, GRANT CARDONE, CARDONE EQUITY FUND V, LLC, and CARDONE EQUITY FUND VI, LLC

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,131 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 16, 2026 KING & SPALDING LLP

By: *_/s/ Joseph N. Akrotirianakis_*
JOSEPH N. AKROTIRIANAKIS

## CERTIFICATION REGARDING AI USE

The undersigned, counsel of record for Defendants, certifies that no Artificial Intelligence was used in the preparation of this brief or in any corresponding materials.

Dated: November 16, 2026 KING & SPALDING LLP

By: *_/s/ Joseph N. Akrotirianakis_*
JOSEPH N. AKROTIRIANAKIS